FALLER *v.* FALLER.

1. HUSBAND AND WIFE — SEPARATE MAINTENANCE — EVIDENCE —
   SUFFICIENCY TO AUTHORIZE RELIEF.
   On a bill for separate maintenance on the ground of desertion,
     evidence examined, and *held,* that complainant's conduct
   · was such as to justify defendant in leaving home.

2. SAME—FAILURE TO SUPPORT.
   Allegations of the bill charging failure to support complainant
     and children, *held,* not sustained.

3. SAME—CRUELTY.
   Charges of cruelty, *held,* not proved.   ·

Appeal from Oakland; Smith, J.   Submitted June 13,
1906.  ·(Docket No. 36.)   Decided October 1, 1906.

Bill by Susan Faller against Morris Faller for separate
maintenance.   Defendant filed an answer in the nature
of a cross-bill asking for a divorce.   From a decree for
complainant, and dismissing the cross-bill, defendant
appeals.   Affirmed as to the cross-bill, and complainant's
bill dismissed.

*James H. Lynch,* for complainant.

*Rockwell & Zimmermann,* for defendant.

OSTRANDER, J.   The parties to this proceeding have
been married some 20 years.   They have two children, a
daughter born April 16, 1886, and a son born January 25,
1888.   Neither of the children are at home, and no ques-
tion of their support is involved.   Complainant is 10 years
or more older than her husband.   In her bill of complaint,
in which she asks a decree for separate maintenance, the
wife alleges (1) that defendant on October 15, 1903, de-
serted and abandoned her; (2) that defendant for 5 years
last past neglected to provide suitable support for his wife

and children; (3) that defendant has been guilty of extreme cruelty, in that from the beginning of the married life he has drunk liquor to excess, has threatened and abused the complainant, called her vile names, and used the greater portion of his earnings in procuring drink. While under the influence of liquor he "has on several occasions struck your oratrix." He has earned for more than 10 years $1.87½ per day, and his dinner when at work, "and paid none of said money to your oratrix, and very little for the support of his family, and, so far as your oratrix knows, all the sums he saved was a small house and lot which he sold for $365 of which the complainant received $10." It is further averred that on several occasions, owing to violent conduct and threats of defendant, complainant was compelled to leave her home, and spend portions of the night or all of the night in outhouses on the premises, or at the neighbors. She avers that during all of her married life she has worked out "in order to support herself and her children, that she was compelled to use defendant's castoff underclothes for her children and in some cases for herself, and has also received clothing from neighbors for her children." No more specific allegations of misconduct of defendant than those here stated appear in the bill. Defendant answered, denying the misconduct charged, and setting up countercharges as ground for affirmative relief. He prays for a decree of divorce. The court below, refusing relief to defendant, entered a decree for complainant which requires defendant to pay to her the sum of $6, monthly, beginning March 25, 1905, and $14 costs. From this decree he appealed.

It is not necessary to review the case upon the theory that defendant is, as he claims to be, entitled to a divorce, for the reason that, upon the whole case, no reason appears for disagreement, upon this subject, with the court below. The decree for complainant ought not to stand.

1. The charge of desertion is not proved. Defendant

left home in November, 1902.   Upon the complaint of the wife, he was arrested, charged with nonsupport.   The justice of the peace who issued the warrant, and who dismissed the suit, had the parties before him for a consultation, hoping that their difficulties might be accommodated.   He describes what took place at the interview. The husband offered to return and live at home, and give his wife $25 a month if she would pay the bills.   She said she did not want him at home; that he had taken his things and himself away, and could stay away.   She did want him to pay her $8 or $10 a week and she did not want him at the house.   She called her husband "a liar, a whoremaster, and a Dutch bastard."   He did, however, return to live with her until October, 1903, the date of the desertion charged in the bill.   When he left home on that occasion, he packed his own personal belongings in his trunk, and put it on the porch.   Complainant kicked the trunk off of the porch.   It is true she claims that a remark he made to her caused her to do this; but from her own testimony it is evident that she maintained to her husband the same attitude that she did in the previous November.   Defendant's testimony appears to be entitled to as much credence as does the testimony of complainant. His story is that on the night of October 14th, he found the bedding removed from his bed, and the bedstead turned bottomside up on the floor.

2. The charge that defendant failed in his duty to support his family is not proved.   For 20 years he has had a position at the Pontiac asylum and, except on account of sickness, has practically lost no time during that period. He has aided in paying for the home, worth some $1,500, which complainant owns, improved the premises, has kept his life insured in favor of his wife, bought his daughter a piano which cost him, principal and interest, about $400, bought his wife a sewing machine, paid taxes upon the home.   He paid for groceries, shoes, coal, gas, clothing, meat, to some extent, at least.   Her testimony upon the subject of the contributions made by the husband towards

the purchase of the home and the support of the family is unsatisfactory, and much of it is clearly shown to be untrue. He has no property.

3. The charges of cruelty are not proved. Without setting out the testimony, it is enough to say that the parties had frequent, and sometimes violent, quarrels, both drank liquor to some extent, and both were at fault. The testimony does not fairly support the proposition that the husband is, more than the wife, responsible for existing conditions.

A decree will be entered affirming the dismissal of the cross-bill and dismissing the complainant's bill. No costs will be allowed either party.

GRANT, BLAIR, MONTGOMERY, and MOORE, JJ., concurred.