LILLIAN ROARKE

*v.*

ALFRED ROARKE.

[Decided February 25th, 1910.]

1. An adjudication by a police justice under *P. L. 1898 p. 942 § 17*, on complaint of the overseer of the poor that the defendant is a deserter of his family, and requiring him to pay a certain sum weekly for the support of his wife and child, precludes an application by the wife to this court for maintenance under the Divorce act (*P. L. 1907 p. 474 § 26*), while the adjudication of the justice is still in force and being obeyed, when the proceedings before the police justice were initiated by the wife, although prosecuted by and in the name of the overseer.

2. When a wife causes complaint to be made by the overseer of the poor against her husband under the Disorderly act, to the end that he be adjudged to support her and also files a bill in chancery for maintenance under the Divorce act, and the complaint before the police justice is prosecuted to an adjudication prior to a hearing in this court on an application for alimony and counsel fees, she will be held to have waived, for the time being, her remedy in this court in favor of the remedy in the police court; the doctrine of election applies.

3. The complainant being a real, though not a nominal, party to the proceedings before the police justice, is bound by those proceedings; and even if the overseer of the poor were the only party, the complainant would be privy to the proceedings and therefore bound by the judgment.

4. When a wife causes to be prosecuted to a finality a complaint against her husband for support before a police justice under the disorderly act before prosecuting to a hearing in this court an application for alimony under the Divorce act, the matter in issue will be held to be *res adjudicata.*

5. The adjudication of a police justice against a deserter of his family that he is a disorderly person and requiring him to pay a certain sum weekly for the family's support, being operative for one year from its date, after which time the complainant would be at liberty either to cause the defendant to be prosecuted *de novo* before the police justice or resort to this court for the remedy given by the Divorce act, a bill for alimony already filed will be retained, with leave to the complainant to proceed thereon after the police justice's adjudication has become inoperative.

On application for alimony *pendente lite.*

*Mr. Charles T. Cowenhoven,* for the complainant.

*Mr. Winfield S. Angleman,* for the defendant.

WALKER, V. C.

The bill of complaint is one by a wife for maintenance for herself and the child of the parties, under the statute, *P. L. 1907 p. 474 § 26.* The present application is ·for alimony and counsel fee *pendente lite.* The defence to the application is that the complainant caused the arrest of the defendant as a deserter of his family, under the Disorderly act (*P. L. 1898 p. 942 § 17*), and that the police justice of Rahway, before whom he was arraigned, adjudged him to be a disorderly person within the meaning of the statute, and made an order that he pay $5 a week to the overseer of the poor for the support of his family (wife and child). The defendant, upon his apprehension, entered into the usual bond, with security, conditioned to obey such order as might be made, and has, in fact, complied with its terms. At the time the application herein was made, the order of the justice was in force and still remains in force. The complainant in the proceedings against Roarke before the police justice was made before the filing of the bill, although the adjudication by the justice was not made until several days after the bill was filed. The adjudication, however, had been made before this application was preferred.

The question presented on this record is, does the adjudication of the police justice of Rahway that the defendant is a deserter of his family and the requiring him to pay $5 a week for the support of his wife and child, preclude an application to this court for maintenance under the statute while the adjudication of the police justice is still in force and being obeyed? This question, to my mind, must be answered in the affirmative.

The proceeding before the police justice, although on the complaint of the overseer of the poor of the city of Rahway, was initiated by the defendant's wife, who is the complainant here. On the day the overseer's complaint was made before the police justice, Mrs. Roarke, herself, made a complaint before the same jus-

tice of purport similar to that made by the overseer, and her complaint was, in fact, the basis of the overseer's complaint. The record of the proceedings before the police justice so disclosed. It would seem that the wife, for whose benefit the complaint was made, is a real party in interest in the cause and can be concluded by the judgment of the police justice. Whether so or not, the complainant, in this cause, must be considered to be the real party in interest in the prosecution before the police justice of Rahway, for, while section 17 of the Disorderly act requires the overseer of the poor to make complaint only in case he believes that the defendant deserts or willfully refuses or neglects to provide for and maintain his family, and that by reason thereof they may become chargeable to the city, nevertheless, in this case, as I said before, the wife instigated the making of the overseer's complaint, and, on the argument of this matter, she was treated by counsel on both sides as the real party in interest in the proceedings under the Disorderly act, counsel for the complainant so arguing both orally and in his written brief.

When a public officer sues in his own name by virtue of statutory authority in respect of some right which enures to the benefit of an individual, the individual, it seems, is a party substantially and beneficially interested. *30 Cyc. 94.* And although the proceedings by the police justice are prosecuted in behalf of the public to save it from becoming charged with the support of the deserted family, the family, nevertheless, is also interested.

Therefore, as this matter was presented by both sides upon the theory that the wife was the real party in interest in the complaint before the police justice of Rahway, it will be so held in this case for the purpose of the decision of the question so presented, and hereafter the matter in the police court will be referred to as the wife's proceeding, ignoring the more or less nominal character of the overseer of the poor upon the record.

To give the court jurisdiction to decree such support as the wife seeks in this case, there must be not only an abandonment of the wife by the husband, but also neglect or refusal to support her. Both conditions must exist to give jurisdiction. *Margarum v. Margarum, 57 N. J. Eq. (12 Dick.) 249.* Now, how can it

be said that the husband neglects or refuses to support his family, when, as a matter of fact, he is paying for their support such sums as were adjudged against him by a magistrate, upon proceedings instituted by his wife, the present complainant?

The two remedies, that under the Disorderly act and that under the Divorce act, are for one and the same thing, namely, support for a wife, or wife and family, as the case may be, against a deserting husband who neglects and refuses to perform his duty to maintain his family. As a party may waive the remedy given by statute and resort to his common law remedy (*Coxe* v. *Robbins, 9 N. J. Law (4 Halst.) 384*), so a party may undoubtedly waive one statutory remedy in favor of another.

The doctrine of election applies.

When a suit is brought in equity and one is pending for the same cause in a court of law, the defendant may put the complainant to his election whether he will proceed at law or in equity, if the remedy at law is co-extensive and equally beneficial with the remedy in equity. *Way* v. *Bragaw, 16 N. J. Eq. (1 C. E. Gr.) 213, 217.* In the case at bar the election has been made in favor of the action at law, and, the complainant having proceeded to a finality in the action before the justice, before preferring the application in this court, she must certainly be held thereby to have elected to stand upon the legal remedy. And the case of *O'Brien* v. *O'Brien, 49 N. J. Eq. (4 Dick.) 436*, in which it was held that a husband who, without justifiable cause, separates himself from his wife and neglects to provide for her such a support and maintenance as this court shall adjudge that the nature of the case and the circumstances of the parties render suitable and proper, is not in conflict with the doctrine just stated. The defendant in that case, upon separating from his wife, permitted her to live in a house he owned, and also permitted her to collect rents from other houses he owned, amounting to $60 a month, but did not bind himself to continue doing so, but considered the allowance temporary. The court made such an award as in its judgment was suitable and proper. In the case at bar the defendant has obligated himself by bond, with surety, to pay the award made by the justice in the proceeding instituted by the wife. I repeat: She has made her election.

There is another defence to the complainant's present application, and that is that the matter is *res judicata.* See the recent cases in our court of errors and appeals of *Stein* v. *Cuff, 76 N. J. Eq. (6 Buch.) 277,* and *In re Walsh's Estate, 74 Atl. Rep. 563.*

The complainant, being a real, though not a nominal, party to the proceedings before the police justice, is bound by those proceedings. Even if the overseer were the only party to the proceedings under the Disorderly act, the complainant would be privy to the proceedings. In *2 Bouv. Dict. (Rawle's ed.) 754,* "privies" are described as persons who are partakers of or have an interest in any action or thing, or any relation to another. See, also, *32 Cyc. 388.* Within this broad definition the complainant is certainly privy, if not party to the proceedings before the police justice, and, as party or privy, would be bound by the proceedings.

The persons between whom a judgment or decree in a suit is conclusive in a subsequent suit, are the parties to the prior suit and their privies. *24 Am. & Eng. Encycl. L. (2d ed.) 724.*

The justice's adjudication is operative for one year from its date (*P. L. 1898, supra,* § *23*), and will expire by limitation within the next five months. At that time, if the situation and status of the parties are the same, the complainant would be at liberty either to prosecute the defendant *de novo* before the justice or resort to this court for the remedy given by the Divorce act. *P. L. 1907, supra.*

The present application will be denied, without costs, and without prejudice to its renewal, as above indicated.