Argued October 28, decided November 11, rehearing denied December 30, 1913.

## IVANHOE *v.* IVANHOE.

### (136 Pac. 21.)

**Husband and Wife—Support—Separation—Mutual Fault.**

The proceeding, under Sections 7040–7042, L. O. L., for an order on a husband for support of his wife, being essentially equitable in its nature, a wife living separate from her husband, through fault of both, may not have such an order.

[As to right of wife to maintain suit for maintenance independently of divorce, see notes in 77 Am. St. Rep. 278; Ann. Cas. 1913B, 1132.]

From Union: GUSTAV ANDERSON, Judge.

En Banc.    Statement by MR. JUSTICE BURNETT.

This is a suit by S. E. Ivanhoe, a wife, to compel F. S. Ivanhoe, her husband, to contribute to her support. From a decree making an allowance to the plaintiff much less than she claimed, both parties have appealed.

REVERSED AND DISMISSED: REHEARING DENIED.

For appellant there was a brief with oral arguments by *Mr. Thomas H. Crawford* and *Mr. Robert Eakin.*

For respondent there was a brief over the names of *Mr. Charles H. Finn* and *Mr. George T. Cochran,* with an oral argument by *Mr. Finn.*

MR. JUSTICE BURNETT delivered the opinion of the court.

Section 7040, L. O. L., says that: "It shall be lawful for any married woman to apply to the Circuit Court of the county in which she resides for an order upon her husband to provide for her support and the support of her minor children, if any, by said husband living with her." By the next section the court is

empowered to hear the parties, and, if the husband is found to be remiss in his duty to support his wife, to make such a decree enforcing his matrimonial obligation in that respect ''as shall be equitable in view of the circumstances of both parties.'' Section 7042 says: ''The practice in such cases shall conform as nearly as may be to the practice in divorce cases, and the court shall have power to enforce its orders as in a suit for divorce, or other suits in equity. * * '' It thus appears that the proceeding is essentially equitable in its nature. The complaint alleges ''that on or about the said twentieth day of April, 1909, the defendant, without just cause or provocation, abandoned, deserted, and refused to longer live with plaintiff. * * '' This is traversed by the answer.

There are no minor children of the parties involved. The learned judge who presided at the hearing made the following findings of fact, among others: ''That for a number of years last past plaintiff and defendant have had serious domestic differences and disagreements, which culminated in April, 1909, in their separation, since which time they have been and still are living separate and apart from each other; the defendant paying, when the plaintiff lived at home, from month to month, plaintiff's household expenses, consisting of groceries, meats, provisions, light, water, fuel, etc., in the sum of about $32 on the average per month, defendant insisting that plaintiff, from her separate income, pay all her personal expenses. That both parties were at fault for the separation, the plaintiff by her habit of constantly nagging, finding fault with defendant, and of innuendos and insinuations calculated to arouse defendant's anger, and also orally and by written letters, charging him with lewd associations with dissolute women, and those of ill repute, and in a letter written to him as district attorney since the separation, on August 5, 1909, she uses language

unnecessarily calculated to be exasperating to the defendant under the circumstances, and all without sufficient justification. On the other hand, defendant has not been temperate in his language and conduct toward plaintiff, often flying into a passion, and cursing and swearing at plaintiff, and at one time, a number of years before the last separation, and while the parties lived in Wallowa County, defendant, when in anger, he claims was provoked by plaintiff, seized and threw plaintiff with great force upon the bed. The testimony shows that both parties are at fault in their language at the time of the separation at La Grande, Oregon, in April, 1909.'' Other findings disclose that, with what the defendant has conveyed to her, and what she has accumulated by 14 years of teaching, to the neglect of her home duties, the plaintiff has money and realty of the value of $7,500, besides household furniture in her residence, while the defendant owns property worth $4,350, and is receiving a salary of $3,000 per annum as district attorney.

It is not the purpose of this opinion to burden the reports with a rehearsal of the testimony. It is sufficient to say that it amply supports the findings quoted. The record fairly seethes with anger long pent up, and the parties seem to have made this litigation a mere pretext to vent their wrath against each other. Neither of them comes into court with clean hands as required by one of the standard maxims of equity. This court, in an opinion by Mr. Justice BEAN, in *Fowler* v. *Fowler,* 31 Or. 65 (49 Pac. 589), has thus established a rule governing such cases: ''To entitle a wife living separate and apart from her husband to prevail in a proceeding under this statute, she must not only allege, but must show by competent evidence, that the separation is without her fault, and that the husband has, without just cause, neglected or refused to support her. * * The husband's duty to support his wife is

conditioned upon her not breaking up the marital relation without his fault or consent, and therefore, if she is living separate and apart from him, she must allege and prove that the estrangement is without her fault before she can compel him to·contribute to her support, under the provisions of the statute''—citing authorities. See, also, *Kingman* v. *Kingman,* 150 Ill. App. 456. Hence, although we might consider the allegation that "the defendant, without just cause or provocation, abandoned, deserted and refused to longer live with plaintiff'' equivalent to an averment that plaintiff was living separate from her husband without her fault, yet, in view of the findings of the Circuit Court, she has failed to prove that indispensable allegation, and the Circuit Court drew an erroneous conclusion from the facts reported in the findings. If the plaintiff would enforce one of the incidents of the marriage relation against her spouse, she must show that she is not wanting in the loving kindness due from wife to husband as an essential of that relation, and which common experience shows to be woman's most potent influence in the control of the sterner sex. In brief, where both parties are at fault, equity will leave them where it finds them.

The decree of the Circuit Court is reversed, and the proceeding dismissed, without costs or disbursements to either party.

REVERSED AND DISMISSED: REHEARING DENIED.