THOMAS E. LASSITER, PROSECUTOR, v. CITY OF AT-
LANTIC CITY.

Argued February Term, 1914—Decided May 19, 1914.

A writ of *certiorari* was allowed to review a municipal ordinance which imposed a penalty for carrying on a business within the municipality without a license. The entire ordinance was set aside by the court as illegal and void, but while the proceedings to review were pending and before the entry of the judgment declaring the ordinance void, the municipality amended one of the sections of the ordinance which it claimed cured the illegality, but unless it was supported by the other sections of the ordinance adjudged void, the amendment was meaningless. After the ordinance was adjudged void, the municipality proceeded to enforce it as amended, and under it the prosecutors of the present writ were convicted. *Held*, that the ordinance which was adjudged void was not restored by an amendment made during proceedings instituted to review its validity, because when the ordinance was declared to be void, all of it, except perhaps the amendment, was non-existent in law, and nothing remained for the amendment to operate on, and if the amendment be considered a new ordinance, independent of the original one, it, standing by itself, would not support the conviction.

On *certiorari*.

Before Justices SWAYZE and BERGEN.

For the prosecutor, *Bourgeois & Coulomb*.

For the defendant, *Theodore W. Schimpf*.

The opinion of the court was delivered by

BERGEN, J. The prosecutor was allowed two writs of *certiorari* to review his conviction for the violation of an ordi-

nance fixing license fees in Atlantic City. The ordinance requires that a license be obtained by any person engaging or carrying on any business specifically set out in the ordinance, among them being "rolling chair station, stand or place from which rolling or invalid chairs are hired," for which $100 is to be paid for each chair station. Another is "rolling chairs used for hire" upon payment of $15 for single chairs and $20 for double chairs.

The prosecutor not only maintained chair stations but also carried on the business of hiring rolling chairs without a license in either case, and for this violation he was prosecuted and convicted in each case. These convictions have been brought here by separate writs of *certiorari,* but, as the same questions are involved, they were argued together and will be considered and disposed of in the same manner.

The ordinance was approved August 6th, 1913, and on the 25th day of August, in the same year, writs of *certiorari* were allowed the prosecutor to review the ordinance, and on November 4th, 1913, judgments were entered declaring the ordinance void on the motion of the counsel for the city. While these writs were pending, the commissioners of Atlantic City amended section 9 of the ordinance which was approved September 9th, 1913, previous to the judgment declaring the ordinance void.

The first question raised on the argument was, does this amendment of one section of the ordinance avoid the judgment setting aside the entire ordinance? It is argued that the only fault in the original ordinance was found in section 9, but there is nothing in this record which shows that the former judgment, which set aside the entire ordinance, was based upon the illegality of section 9, even if that would remove the difficulty. We are of opinion that if the amendment of September 9th became a part of the ordinance at that time, the subsequent determination that the entire ordinance was invalid would carry with it the amendment. If it did not, then it was an attempt to amend an ordinance that was void, but, in our opinion, the amendment could not become a part of the ordinance then before the court, and could not be-

come effective, if at all, unless the ordinance was sustainable, because if it was no ordinance in law when the city undertook to amend it, there was nothing to amend and the amending ordinance standing by itself did not provide for any licenses. There can be no doubt of the right of the city to pass a new ordinance dealing with the subject-matter, even while the former was under review, and so far as it regulates the license question it would be good, but an amendment cannot restore an ordinance *in toto* which the court subsequently declared void, for then there was no valid ordinance in existence, except, perhaps, the one passed as an amendment, which, standing by itself, would not support the present conviction.

In *Bowman* v. *Caldwell,* 18 *N. J. L. J.* 313, an ordinance granting a franchise to a street railway was under review, and the municipality having adopted a new ordinance, application was made for a second writ, and one of the reasons urged was that the first ordinance being removed to the Supreme Court, the common council was restrained not only from proceeding under the first ordinance, but from all official action concerning the matter. Mr. Justice Depew said in that case that a new ordinance might be adopted because the effect of "the writ is confined within the scope of the record that it removes and can only operate to restrain the further proceedings" under that official record.

We think from this that if the second ordinance had not superseded the first and had only been an amendment to the one under review, the municipality would have been restrained by the writ from amending proceedings then under review by that record, and while the amending ordinance was good as an independent act, it could not be made a part of the ordinance reviewed. We are of opinion that in the present case the void ordinance was not restored by the amendment and that there was no ordinance in Atlantic City requiring the license insisted upon by the city, and, therefore, the convictions cannot stand. This conclusion makes it unnecessary to consider the other points raised by the prosecutors. The convictions will be set aside.