## WILLARDSON v. WILLARDSON.

No. 3174.   Decided April 19, 1918.   (172 Pac. 719.)

HUSBAND AND WIFE—SEPARATE MAINTENANCE—ACTIONS—EVI-
DENCE. In a wife's action for separate maintenance under Comp.
Laws 1907, sections 1216, 1218, authorizing a married woman living
apart from her husband without her fault to apply for separate
maintenance, and giving the court power to change the allowance
thereof, evidence held sufficient to sustain the decree for plaintiff.

GIDEON, J., dissenting.

Appeal from District Court of Salt Lake County, Third
District; *Hon. P. C. Evans*, Judge.

Action by Elizabeth Willardson against Irvin Willardson.

Judgment for plaintiff.   Defendant appeals.

AFFIRMED.

*Lewis Larson* for appellant.

*Weber, Olson & Lewis* for respondent.

CORFMAN, J.

Plaintiff is the wife of the defendant.   She commenced an
action against the defendant for separate maintenance, under
the provisions of chapter 4, Comp. Laws Utah 1907, alleging
in her complaint that she "now without her fault lives separ-
ate and apart from her husband," and prayed for separate
maintenance for herself and a minor child of the marriage,
attorney's fees, and costs.

The answer denied the allegation, and affirmatively alleged
that since the marriage in April, 1915, the defendant has pro-
vided a home at Mayfield, Sanpete County, Utah, for the
plaintiff and defendant, and that until on or about the 22d

day of September, 1916, he provided for and supplied the
plaintiff at said home, when without his consent and against
his will, and without any just cause or excuse for so doing,
plaintiff deserted and abandoned the defendant and his said
home, and now continues so to do. It is also alleged in the an-
swer the willingness of defendant to provide a home and the
necessaries of life on the condition that plaintiff will live with
defendant, be a wife to him, and perform her obligations grow-
ing out of the marital relation.

The district court, after hearing the testimony adduced in
behalf of the respective parties, made its findings of fact, con-
clusions of law, judgment, and decree against the defendant,
awarding to the plaintiff, until the further order of the court,
$50 per month for the support of herself and the minor child,
the further sum of $344 expenses paid by plaintiff in sickness
and for support since the separation, $100 attorney's fee, and
costs of suit. Defendant appeals.

Defendant contends the findings of fact and the judgment
are not supported by the evidence, and that the judgment is
against law.

The evidence, in brief, shows that the parties were married
in Salt Lake City, in April, 1915, and that after the marriage
they resided and made their common home at Mayfield, San-
pete County, Utah, until September 20, 1916, when the plain-
tiff separated from the defendant, and since has continued to
live separate and apart from him. The plaintiff, in part, tes-
tified concerning the alleged cruelty of the defendant as fol-
lows:

''I was sick three weeks after I was married, and he went
to dances and ball games and picture shows and affairs, and he
told me if I would just get out of bed and get some exercise I
would be all right, there was nothing the matter with me; and,
of course, when I was carrying my baby, and he ordered me
out, and said I wasn't in any worse condition than he was;
and he came home drunk, and used abusive language toward
me. * * * He would swear, and walk up and down the
house and rave over things. * * * In my nervous condi-

tion I had terrible convulsions through it. *   *   * I couldn't stand it; it was ruining my health; the treatment I got; and he went to the canyon for a week, and came back and bragged he had slept with a woman up there.''

The plaintiff's evidence as to cruelty and misconduct of the defendant was in part corroborated by her mother. Substantial testimony was also offered and received by the district court bearing on the ability of the defendant to provide for the plaintiff separate maintenance for herself and the minor child.

The defendant, in his own behalf, gave testimony denying the cruelty testified to by plaintiff. He also expressed a willingness to provide the plaintiff with a home and provide for her if she would return to him and life with him as a wife.

So far as material here, section 1216 of Comp. Laws 1907 provides:

''Where a married woman, without her fault, now lives, or may hereafter live, separate and apart from her husband, the district court shall, on the application of the wife, allot, assign, set apart, and decree to her as alimony, the use of such part of her husband's real and personal estate or earnings as the court may determine in its discretion.''

Section 1218 of the same chapter provides:

''In all actions brought pursuant to this chapter the court *   *   * may decree the payment of a fixed sum of money for the support of the wife and minor children, *   *   * and provide *   *   * the payment to be made at such times and in such manner as may be proper. *   *   * And the court shall have the power to change the allowance from time to time, according to circumstances, or may revoke such allowance altogether upon satisfactory proof of a voluntary and permanent reconciliation.''

In view of the record here, we are clearly of the opinion that the judgment and decree of the district court is amply sustained by the evidence and is in full compliance with our statute.

It is therefore ordered that the judgment of the district court be affirmed. Costs to respondent.

FRICK, C. J., and McCARTY, and THURMAN, JJ., concur.

GIDEON, J. (dissenting).

In my judgment the testimony, as the same appears in the record before us, does not warrant the findings made by the district court, namely, that the plaintiff was justified in living separate and apart from her husband, the defendant.

Probably the most serious charge against the defendant made by the plaintiff in her testimony is that, after his return from an outing in the mountains, he "bragged" about having slept "with a woman up there." That is positively denied by the defendant. And he further stated (which is not denied by plaintiff) that while traveling in the mountains he met a party of young people, among whom was one of his own sisters, and also a sister of the plaintiff, with a number of other young people. As I view it, the circumstance of there being a company of young people together strongly goes to corroborate the fact that the defendant was not guilty of any such an offense as plaintiff in her testimony intimated. That statement on the part of the plaintiff is not corroborated by any witness nor by any circumstance in the case.

It is true plaintiff testified that the defendant was addicted to drink, but the only serious charge made in that regard is that on the Fourth of July defendant attended a baseball game and came home somewhat intoxicated. I have never understood that such slight indiscretions on the Natal Day of the Republic were sufficient ground for either divorce or separate maintenance. However, if it be the law, I very much doubt that the American public will accept it as a good law.

In addition to all of this, the defendant in his answer affirmatively alleged that he had not only always furnished plaintiff with a home, but that he is now willing and ready to furnish her with a comfortable home and provide for her the

necessaries of life, and all he asks in return is that she will return to his home and perform her part of the marital contract. Defendant testified in defense that he had, since his wife left him, endeavored to get her to return; that she left against his will; that he did not know that she was going until the morning before she left; that he is now ready and willing to take her back, and desires to do so and to furnish her a home. That testimony stands uncontradicted in the record, and no attempt was made to show that the offer was not made in good faith. The testimony further shows that the defendant is able to furnish plaintiff with a home. True, the court made no finding as to whether the defendant's offer was made in good faith. As the fact is not disputed, I am unable to determine why it should not be accepted as having been made with an honest desire to resume the marital relations existing between the parties. As I understand the authorities, even though the wife was justified in the first separation, an honest effort on the part of the husband to terminate that separation, and to take his wife back and treat her as a wife should be treated, will defeat an action for separate maintenance. *Creasey* v. *Creasey,* 168 Mo. App. 98, 151 S. W. 215; *McMullin* v. *McMullin,* 123 Cal. 653, 56 Pac. 554; *Ivanhoe* v. *Ivanhoe,* 68 Or. 297, 136 Pac. 21, 49 L. R. A. (N. S.) 86; 21 Cyc. 1602.

The defendant in this action is a young man thirty-four years old, a farmer by occupation. The plaintiff is a young woman twenty-six years old. As I understand the decree of the district court, it is to remain in full force for the remainder of the joint lives of these parties. In other words, the defendant is to be prohibited from remarrying, is to be compelled to pay monthly for the support of plaintiff during all of that time, and is to be deprived of the companionship of his wife upon testimony which, in my judgment, gave her no valid ground for living separate and apart from him. I do not wish to be understood as holding that the defendant, as shown by the record, was not guilty of most reprehensible conduct in his treatment of plaintiff. His apparent neglect of her cannot be justified. But I am of the opinion that he, having

attempted to get his wife to return to him, and stating in his testimony that he is willing to have her return and desires that she do return to him, should be given one more chance.

For the reasons above stated, I dissent.