[L. A. No. 4910. Department One.—August 16, 1919.]

ALICE MATTSON, Respondent, v. OLAF O. MATTSON, Appellant.

[1] HUSBAND AND WIFE—ACTION FOR MAINTENANCE—RESIDENCE—PLEADING AND EVIDENCE.—In an action for separate maintenance, residence of the wife need not be alleged or proved.

[2] ID.—PLEADING—UNCERTAINTY AS TO TIME AND PLACE OF ACTS OF EXTREME CRUELTY—REMEDY—DEMURRER.—Where in an action for maintenance the complaint is uncertain as to time and place of certain alleged acts of cruelty, the only proper remedy is by demurrer on the ground that the complaint is ambiguous, unintelligible, or uncertain under section 430 of the Code of Civil Procedure, and a motion to strike out is not proper practice.

[3] NONSUIT—STATEMENT OF GROUNDS.—A motion for nonsuit will not be granted unless the specific grounds on which such motion is made are stated.

[4] MAINTENANCE — EVIDENCE — CORROBORATION UNNECESSARY. — In an action for maintenance without divorce corroboration is unnecessary, since the only statutory provision requiring corroboration in a civil case is section 130 of the Civil Code, and that section applies only to actions for divorce, and even in such actions only to the granting of the divorce.

[5] ID.—CROSS-COMPLAINT FOR DIVORCE — CRUELTY — IMPROPER RELATIONSHIP OF DEFENDANT WITH DAUGHTER-IN-LAW—CIRCULATION OF FALSE REPORTS BY PLAINTIFF—SUFFICIENCY OF FINDING.—In an action for maintenance, wherein the defendant by cross-complaint asked for a divorce on the ground of extreme cruelty, the court sufficiently found on the issue as to whether plaintiff circulated false reports about the defendant and his daughter-in-law, in finding that plaintiff did not accuse defendant of improper relations with his daughter-in-law, and that no acts or statements of plaintiff had brought defendant into contempt with all or any of his friends, and that no act or statement of plaintiff had brought the previous good reputation of defendant into disrepute.

[6] ID.—ERRONEOUS FINDING—LACK OF PREJUDICE.—In such action error in finding in favor of defendant on such issue is without prejudice where it was also found that plaintiff had a cause of action for divorce on the ground of extreme cruelty.

[7] ID.—RECOVERY BY PLAINTIFF—ABSENCE OF FAULT UNNECESSARY.—In an action for maintenance it is not necessary that plaintiff be without fault to warrant a recovery, since even if the parties are both at fault and cannot live together alimony may be decreed.

APPEAL from a judgment of the Superior Court of Kern County. Howard A. Peairs, Judge. Affirmed.

The facts are stated in the opinion of the court.

E. J. Emmons, H. E. Johnstone and Thomas Scott for Appellant.

Walter Osborn for Respondent.

LAWLOR, J.—This action was brought in the superior court of Kern County by the plaintiff against the defendant, her husband, for maintenance and support both *pendente lite* and permanent, counsel fees and costs. After the defendant had interposed a demurrer and a motion to strike out, which were allowed by the court, the plaintiff filed an amended complaint, to which defendant demurred and moved to strike out certain portions thereof. The demurrer to the amended complaint and motion to strike out were denied, whereupon the defendant filed an answer and a cross-complaint in which he asked for a divorce upon the ground of extreme cruelty. The court found in favor of the plaintiff; that she and the defendant intermarried on June 8, 1910, and ever since have been and now are husband and wife; that she had a cause of action for divorce on the ground of extreme cruelty, and that she was entitled to the sum of $150 a month for permanent support and maintenance, as well as to counsel fees and costs of suit, it having been found "that this defendant is the owner and is in possession" of property of the total value of about two hundred thousand dollars, and "that his gross monthly income is of the sum of about five hundred dollars." The defendant was denied a divorce upon the ground of extreme cruelty as alleged in his cross-complaint. Judgment was entered accordingly. Defendant moved for a new trial upon statutory grounds, which motion the court denied. The defendant thereupon appealed from the judgment entered in favor of the plaintiff and against the defendant and from the judgment denying the defendant a divorce in said action.

It appears that both the plaintiff and the defendant were more than sixty years of age at the time they intermarried. The evidence as to the controverted issues is in sharp conflict. In support of the allegations of the complaint the plaintiff

introduced evidence tending to show that the defendant had on numerous occasions struck and beat her and otherwise subjected her to cruel and inhuman treatment, which had caused her both physical and mental suffering. All this was vigorously denied by the defendant, who supported his cross-complaint with evidence that the plaintiff was of a nagging and quarrelsome disposition and that she had circulated certain false and malicious reports concerning his alleged adulterous relations with his daughter-in-law. Plaintiff in her answer to the cross-complaint and in her testimony denied the allegations of extreme cruelty. The specific facts in so far as they are pertinent will be developed in our discussion of the various points presented for review on this appeal.

1. It is urged by defendant that his demurrer to the amended complaint should have been granted. The demurrer was made on the ground that the complaint failed to allege the residence of the plaintiff. [1] This contention is without merit. In an action for separate maintenance residence need not be alleged or proved. (*Hiner* v. *Hiner,* 153 Cal. 254, [94 Pac. 1044].)

It is also urged that it was error to deny defendant's motion to strike out certain portions of the amended complaint. While the defendant, relying on the allegations of the pleading, has advanced no argument in his brief why the motion should not have been denied, an examination of the pleading itself, which is set out in the transcript, shows that it was made on the ground of uncertainty as to time and place of certain alleged acts of extreme cruelty. A motion to strike out on the indicated grounds is not proper practice in this state. [2] The only proper remedy is by demurrer on the ground that the complaint is ambiguous, unintelligible, or uncertain under section 430 of the Code of Civil Procedure. (*McFarland* v. *Holcomb,* 123 Cal. 84, [55 Pac. 761].)

2. At the close of the plaintiff's case the defendant moved for a nonsuit as follows: "If your honor please, in this case, we now move for a nonsuit as to the cause of action set out in the plaintiff's complaint." The motion was denied by the court and defendant assigns this as error. [3] It is well established in this state that a motion for nonsuit will not be granted unless the specific grounds on which such motion is made are stated. (*Coffey* v. *Greenfield,* 62 Cal. 602; *Miller*

v. *Luco*, 80 Cal. 257, [22 Pac. 195] ; *Drufee* v. *Seale*, 139 Cal. 604, [73 Pac. 435].)

Defendant urges that the motion should have been granted on the ground that the evidence in support of the allegations of extreme cruelty were not sufficiently corroborated. The only statutory provision requiring corroboration in a civil case is section 130 of the Civil Code. That section applies only to actions for divorce, and even in such actions only to the *granting* of the divorce. [4] Hence, there is no foundation whatever for the claim that corroboration is necessary in an action for maintenance without divorce.

3. As a further assignment of error it is urged by defendant that the court did not make a specific finding on a material issue in the case—on the question as to whether or not the plaintiff circulated false reports about the defendant and his daughter-in-law. However, the following appears in the findings of the court: ''That on said date and at said time or at any other time this plaintiff did not accuse the defendant of improper relations with his daughter-in-law, . . . that no acts or statements made by this plaintiff have brought this defendant into contempt with all of his friends or with any of his friends and that no act or statement of this plaintiff has brought the previous good reputation of this defendant into disrepute.'' [5] In our view the finding we have just quoted is a sufficient answer to this objection.

It is further urged that the court erred in not finding in favor of the defendant on this issue, for the reason that the preponderance of the evidence tended to establish the fact that the plaintiff did circulate reports to the effect that the defendant had been on ''intimate'' terms with his daughter-in-law. It is true that there was evidence to that effect. It is also true that the plaintiff denied making any such statements, thus producing a conflict which the court resolved in favor of the plaintiff. Upon the record before us we cannot disturb the finding. [6] Moreover, if the court had found in favor of defendant on this issue, the error would in no way be prejudicial to him, because, in view of the finding ''that the plaintiff has a cause of action for divorce on the grounds of extreme cruelty,'' the defendant would not have been entitled to a divorce even if the court had found in his favor on this issue. In *Sweasey* v. *Sweasey*, 126 Cal. 123, [58 Pac. 456], it was said: ''Appellant complains of some findings

against him in his cross-action for divorce. If these are well founded, appellant is still not injured, for it was found that he was guilty of desertion, and no complaint is made that this finding is not sustained by the evidence. He could not, therefore, have obtained a divorce, even though the court had found in his favor upon those issues.''

4. It is contended by defendant that in order for the plaintiff to recover in this action she must be without fault, and that the evidence as to her conduct toward defendant, if not sufficient to warrant the granting of a divorce in his favor, was sufficient to bar her recovery. This is not the law. [7] It is a well-established principle that even ''If the parties are both at fault and cannot live together, alimony may, however, be decreed.'' (21 Cyc. 1602.)

The judgment is affirmed.

Shaw, J., and Olney, J., concurred.