**SELLERS v. SELLERS.　(6 Div. 947.)**

(Supreme Court of Alabama.　Dec. 18, 1924.)

**1. Husband and wife ⬤⟞297—Trial court has discretion in award of separate maintenance on conflicting evidence.**

In action for separate maintenance, both parties asserting their innocence of marital wrong and blaming each other, and evidence being conflicting, society and the state are concerned, and the court has a discretion in awarding the wife support money. ·

**2. Husband and wife ⬤⟞296—Complaint for separate maintenance alleging plaintiff without fault not narrowly construed.**

In suit for separate maintenance, plaintiff's allegation that she was without fault in causing husband's abandonment is not to be so narrowly construed as to require refusal of relief, if the proof shows both parties to blame for their marital difficulties. ·

**3. Judgment ⬤⟞648—Husband's acquittal of wife desertion not bar to suit for separate maintenance.**

Prosecution of husband under Desertion and Nonsupport Act involves the question whether wife was left in destitute or necessitous circumstances, and his acquittal is not res adjudicata as to wife's right of action for separate maintenance.

**4. Husband and wife ⬤⟞300—Award of separate maintenance money not disturbed as excessive, where evidence conflicting.**

,. An award of $60 per month for separate maintenance will not be disturbed as excessive, where the evidence is conflicting as to husband's ability to pay. ,

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill in equity for separate maintenance by May Allen Sellers against Ira J. Sellers. Decree for complainant, and respondent appeals. Affirmed.

W. A. Jenkins, of Birmingham, for appellant.

A wife who is at serious fault as to the separation is not entitled to a decree for separate maintenance. 2 Schouler's Dom. Rel. (6th Ed.) § 1321; Sellers v. Sellers, 208 Ala. 44, 93 So. 824; Brindley v. Brindley, 121 Ala. 431, 25 So. 751; Brady v. Brady, 144 Ala. 414, 39 So. 237; Bickley v. Bickley, 136 Ala. 548, 34 So. 946; Ivanhoe v. Ivanhoe, 68 Or. 297, 136 P. 21, 49 L. R. A. (N. S.) 86; 6 A. L. R. 6, note; Tutwiler v. Tutwiler, 205 Ala. 283, 87 So. 852; Kinsey v. Kinsey, 37 Ala. 393; Spafford v. Spafford, 199 Ala. 300, 74 So. 354, L. R. A. 1917D, 773; Anonymous, 206 Ala. 295, 89 So. 462. Complainant is estopped by the adjudication in the juvenile court. Roarke v. Roarke, 77 N. J. Eq. 181, 75 A. 761; Coffee v. U. S., 116 U. S. 436, 6 S. Ct. 437, 29 L. Ed. 684; Dunning v.

Thomasville, 16 Ala. App. 70, 75 So. 276; State ex rel. Remley v. Meek, 112 Iowa, 338, 84 N. W. 3, 51 L. R. A. 414, 84 Am. St. Rep. 342. In no case should the allowance exceed one-half the husband's net income. Brady v. Brady, 144 Ala. 414, 39 So. 237.

Black, Harris & Foster, of Birmingham, for appellee.

A wife is entitled to support and maintenance from her husband. A judgment or decree in a former suit is only conclusive when the issues in the former suit comprehended all that is involved in the second suit. Wood v. Wood, 134 Ala. 557, 33 So. 347.

SOMERVILLE, J. The complainant, Mrs. May Allen Sellers, files her bill of complaint against her husband, Ira J. Sellers, for separate maintenance.

The parties were married in November, 1917, and lived together until the summer of 1921 in the home maintained by respondent. Following a long course of marital discords, including some unpleasant incidents, respondent left the common home in May, 1921, and the marital relation has never been resumed; the parties living separate and apart ever since. Much of the discord seems to have grown out of the money question; complainant charging a parsimonious denial to her by respondent of the funds necessary for the conduct of the household, and for her ordinary use and comfort. She complains also of a systematic persecution in various forms at the hands of respondent, and of general social neglect.

Respondent, on the other hand, charges complainant with financial extravagance, and an insatiable desire for money; with unreasonably bad temper; and above all with a persistent and malevolent persecution of himself by visiting his office, during the hours when patients were awaiting treatment, creating unpleasant scenes, and denouncing him to his patients, whereby his medical practice was broken up and practically ruined. Other complaints and counter complaints are sufficiently numerous.

In addition to a denial of the merit of complainant's cause, and the claim that his abandonment of complainant was not voluntary, but was enforced and justifiable in view of her conduct, respondent sets up as an estoppel by res judicata the proceedings and judgment in a certain cause in the juvenile court of Jefferson county, wherein complainant instituted and directed, in the name of the state, a prosecution against respondent, charging that he did "without just cause desert, or willfully neglect, or refuse to provide for the support and maintenance of his wife, May Allen Sellers, she being then and there in destitute or necessitous circumstances."

⬤⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The plea shows that respondent was convicted in the juvenile court and sentenced to 30 days at hard labor for the county; that he appealed to the circuit court; and that upon a trial on the merits of the case in that court the jury brought in a verdict of "not guilty," upon which judgment was rendered accordingly.

The plea states, by way of conclusion, that this judgment conclusively ascertained that respondent's abandonment of complainant, and his failure or refusal to support her, were justifiable, and that those issues cannot be again litigated in the instant proceeding.

The trial court saw and heard the witnesses orally in open court, and concluded that—

"While the complainant is not without serious fault upon her part in contributing to and helping to bring about the unhappy state of affairs in their home life prior to the separation of complainant and respondent (a fact which should in equity be considered in arriving at the quantum of allowance to be awarded for her support and maintenance (Jones v. Jones, 95 Ala. 443, 11 So. 11, 18 L. R. A. 95), yet she is entitled to a measure of financial relief as prayed for in her bill of complaint—an obligation which respondent's voluntary marriage to complainant and the public welfare fastens upon him."

Counsel for respondent conceives that this finding of fact as to the serious fault of complainant was sufficient to require the court to deny the relief sought.

[1] This court has said that, when the wife abandons her home without just cause, the right to support from her husband at once ceases; "and this is true, not only where the wife abandons the husband without justifying cause, but where, from her own fault, he abandons her." Brindley v. Brindley, 121 Ala. 431, 25 So. 751; Rearden v. Rearden, 210 Ala. 129, 97 So. 138. In such a case the party who is at fault is deemed to have constructively abandoned the other, notwithstanding the other is the initial actor in leaving. Anonymous, 55 Ala. 428; Kinsey v. Kinsey, 37 Ala. 393; Anonymous, 206 Ala. 295, 89 So. 462.

In 2 Schouler on Domestic Relations (6th Ed.) § 1321, that writer says:

"A petition for separate maintenance will not be granted where it appears that the separation was the fault of both parties, as the wife to prevail must come into court with clean hands, and prove that she has not by her own fault caused the separation. So, where the separation was in part caused by the ill temper and constant nagging of the wife, she will not be granted separate maintenance."

In 30 Corp. Jur. 1077 (§ 871), the author says:

"Except in some jurisdictions (Ivanhoe v. Ivanhoe, 68 Or. 297, 136 P. 21, 49 L. R. A. [N. S.] 86), the court may decree separate maintenance in favor of the wife where both parties have been at fault (Mattson v. Mattson, 181 Cal. 44, 183 P. 443; Irwin v. Irwin, 88 N. J.

Eq. 139, 102 A. 440; Bascom v. Bascom, Wright [Ohio] 632), at least where the greater blame rests with the husband (Smith v. Smith, 172 Iowa, 329, 151 N. W. 1085; Hodgen v. Hodgen, 160 Ky. 267, 169 S. W. 713), and the obstacles to reconciliation rest within his control (Smith v. Smith, supra)."

In the recent case of Rearden v. Rearden, 210 Ala. 129, 97 So. 138, which was a bill by the wife for separate maintenance on the ground that she "was forced by her husband to leave her home with him and take up her residence with others, and that she was without fault," we said:

"Taking a reasonable view of all the testimony in this case, our judgment is that complainant and defendant are both substantially at fault in the causation and perpetuation of the domestic discords which led up to their separation, and, if respondent had not himself consented to and procured her departure from his home, we would be unwilling to affirm her right to have out of his income a separate maintenance."

In the elaborate note to Finch v. Finch, 89 N. J. Eq. 563, 105 A. 206, 6 A. L. R. 1, the editor deduces from numerous authorities the rule that—

"While the law does not require a wife * * * to be blameless, misconduct on her part which materially contributes to the separation, so that it may be said that the fault of the wife is equal to or greater than that of the husband, is a defense to her suit for separate maintenance."

See Faller v. Faller, 146 Mich. 84, 109 N. W. 47; Mattson v. Mattson, 181 Cal. 44, 183 P. 443; Hodgen v. Hodgen, 160 Ky. 267, 169 S. W. 713; Irwin v. Irwin, 88 N. J. Eq. 139, 102 A. 440; and Bascom v. Bascom, Wright (Ohio) 632, among others which seem to support the view that only a substantial equality or excess of fault on the part of the wife will bar her claim for maintenance. The case of Ivanhoe v. Ivanhoe, 68 Or. 297, 136 P. 21, 49 L. R. A. (N. S.) 86, strongly relied on by appellant, declares the rule to be, that "where both parties are at fault, equity will leave them where it finds them." We infer, however, from the discussion of the evidence that the wife's fault was deemed equal to the husband's. At any rate, we cannot approve that unqualified statement of the law, as a hard and fast rule to govern courts of equity in these cases.

While we recognize the fact that the weighing of marital faults in order to ascertain the comparative balance of culpability is a delicate and difficult task for courts to undertake, we nevertheless approve the proposition as stated by the editor of American Law Reports, Annotated, as a general rule, to be applied according to the justice and exigencies of particular cases. As stated by this court in Spafford v. Spafford, 199 Ala. 300, 74 So. 334, L. R. A. 1917D, 773, controversies of this character are not between the parties

merely, but concern society and the state as well.

The testimony relating to the culpability of the parties, respectively, is, as might be expected, in sharp conflict. According as either of its opposing tendencies may have been accepted as the more credible by the trial court, a decree either granting or denying relief might be well sustained. The trial court heard the witnesses viva voce, and found that, while complainant "is not without serious fault in contributing to and bringing about the unhappy state of affairs in their home life prior to the separation," yet she was entitled to a measure of financial relief. It is true there was no finding in specific terms that the fault of the husband was in substance and effect in excess of, or not greater than, that of the wife; but such is, we think, the necessary implication from the language of the decree.

In Jones v. Jones, 95 Ala. 443, 11 So. 11, 18 L. R. A. 95, the bill was for absolute divorce on the ground of abandonment by the husband, and the separate maintenance sought and allowed was by way of alimony as an incident to divorce. Evidently the faults of the wife were regarded as "serious," for the opinion states that enough was proved "to show that she was principally responsible for the unhappy state of feeling in her husband's household"; and, further, that "her course towards her husband * * * was well calculated to destroy his regard for her, and to overtax his forbearance." Yet it was held that her misconduct did not bar her claim for alimony, though it should properly reduce the amount of the allowance. The only moral difference between that case and this is that there the abandonment of the wife by the husband had ripened by the lapse of two years into a ground for divorce, while here it had not. There can be no substantial difference in the principle or policy of the two cases, in each of which the husband abandoned the wife.

Under the circumstances shown by the record we cannot justify a reversal of the findings and conclusions of the trial court on the merits of complainant's claim.

[2] It is true the bill alleges that complainant was without any fault in causing her abandonment by respondent, and the evidence shows that she was not without fault. But we think that this allegation is not to be narrowly interpreted as meaning absolutely without any fault, but rather as meaning without such fault as would justify the abandonment complained of, or as would bar her claim for maintenance. Moreover, as declared in Spafford v. Spafford, supra, "in cases of this character questions of mere legal niceties in regard to pleading should not interfere with the meritorious consideration of the cause." 199 Ala. 308, 74 So. 354, 358.

[3] We have carefully examined the argument of counsel and the authorities cited in behalf of the plea of estoppel by res judicata. It may be, as held by the New Jersey court in Roarke v. Roarke, 77 N. J. Eq. 181, 75 A. 761, that, when an abandoned wife has elected to prosecute her deserting husband under the provisions of a police law, such as our "Desertion and Nonsupport Act" (Acts 1919, p. 176), and secured an order providing for her regular support in connection with his conviction and punishment, she should not be allowed also a separate maintenance by decree of a court of equity exercising its ordinary jurisdiction. But we have not such a case here, and it is not necessary at this time to consider the relation between those two jurisdictions and their respective bearings upon each other when one has been exercised.

Section 2 of the Desertion Act, under which complainant prosecuted respondent, provides—

"that any husband who shall, without just cause, desert or willfully neglect or refuse to provide for the support and maintenance of his wife, * * * she * * * being then and there *in destitute or necessitous circumstances,* shall be guilty of a misdemeanor," etc. (Italics supplied.)

Aside from the proposition that the proceeding under this act was a criminal proceeding to convict the accused of a crime, wherein proof of guilt beyond a reasonable doubt was required—a fatal impediment to the use of an acquittal therein as an adjudication of the defendant's innocence in a civil proceeding involving the same issues—the criminal proceeding included an entirely different issue. The offense charged was not merely desertion without just cause, for there could have been no conviction of the deserting husband unless he left the deserted wife in destitute or necessitous circumstances. The evidence showed that complainant had $400 in money at the time her husband deserted her, from which it followed that he was not guilty of the criminal offense under the police law. That feature of the case would invalidate the plea of res judicata, even though it were otherwise available.

[4] Counsel makes an earnest protest against the amount awarded to complainant for maintenance—$60 per month. While there was credible testimony tending to show an income to respondent too small to justify this amount, yet there was other credible testimony which indicated a much larger income, and which supported the award as made. The determination of that issue by the trial court, upon testimony heard viva voce, will not be disturbed by this court.

We find no sufficient reason for setting aside the decree or any part of it, and it will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.