The petitioner has filed a petition for divorce, alleging desertion, and now files her petition for alimony pendente lite
and counsel fee.
The defendant opposes the application, basing his defense upon the fact that in the year 1922 the petitioner made complaint against him under the provisions of "A supplement to an act entitled `An act for the punishment of crimes' (Revision of 1898, approved June 14th, 1898)," being P.L. 1898 p. 794; that he was indicted by the grand jury of Gloucester, and entered a plea of guilty; that the court, under the provisions of section 3 of said act, made an order directing the defendant to pay to his wife $8 per week, and to furnish a bond for $300 for the faithful performance of said order. *Page 152 
It is to be presumed that the recognizance provided for in said section was entered into. It is admitted that the defendant is in default in said payments to the extent of $80. This court, therefore, may grant alimony.
The defendant refers to Shore v. Shore, 96 N.J. Eq. 661,
which upon the point in question is distinguished from Roarke
v. Roarke, 77 N.J. Eq. 181, and relies upon this latter case, in which the present chancellor held, "an adjudication by a police justice under P.L. 1898 p. 942 § 17, on complaint of the overseer of the poor that the defendant is a deserter of his family, and requiring him to pay a certain sum weekly for the support of his wife and child, precludes an application by the wife to this court for maintenance under the Divorce act (P.L.1907 p. 474 § 26), while the adjudication of the justice is still in force and being obeyed, when the proceedings before the police justice were initiated by the wife, although prosecuted by and in the name of the overseer."
In Rennie v. Rennie, 85 N.J. Eq. 1, the chancellor stated that the obedience implication in the Roarke Case was "that if the order, although in force, was not being obeyed, alimony might be granted here."
In Becker v. Becker, 90 Atl. Rep. 675, the late Vice-Chancellor Emery said: "The opinion of Chancellor Walker, inRoarke v. Roarke, supra, as to the effect of the orders of such courts, either as the result of election of remedies or asres adjudicata, is expressly based on the continued performance of the order."
There is, however, an unsurmountable objection to the defendant's claim.
The order upon which he is making payments to the wife is not based upon any action for support, but upon an indictment charging him with a criminal offense. This act provides a penalty of a fine not exceeding $500 or imprisonment not exceeding one year.
While it is true that upon the plea of guilty, the court may make an order directing the defendant to pay a certain *Page 153 
sum periodically, and to release him upon probation upon his entering into a recognizance.
The act, however, further provides that if the defendant violates the terms of such order, the court may proceed and sentence him upon the plea, * * * and in case of the forfeiture of the recognizance, the court may, in its discretion, order that the sum recovered may in whole or in part be paid to the wife. It is evident that the wife has no control over the criminal proceeding, nor has she over the order or the distribution of the proceeds of a forfeiture of the recognizance.
It is quite clear that the criminal proceedings does not bring this case within the rule of Roarke v. Roarke, supra, and it follows that this court is not precluded from hearing and determining the present application.
An order of $10 per week will be made, but during such time as the present order of the court of Gloucester county is in force and obeyed, the payment of the $8 per week under that order will be credited upon the payment now ordered. A counsel fee of $25 will be allowed.