**PETER CHRISTIAN NIELSEN,**
Plaintiff

v.

**EULALIE NIELSEN, Defendant**

Civil No. 44-1937

District Court of the Virgin Islands

Div. of St. Thomas and St. John

October 18, 1937

JAMES A. BOUGH, *for plaintiff*, Charlotte Amalie.
JACQUES M. SCHIFFER, *for defendant*, Charlotte Amalie.

HASTIE, *Judge*

At the outset it is material that on February 4, 1937, in an action for support filed in this court by the present defendant, Eulalie Nielsen, against the present plaintiff (No. 18 - 1936) the then presiding Judge entered a finding of fact that, after a period of separation, "in the year 1920, the plaintiff and defendant resumed the marriage relation and lived together for some months." The court found that the wife was entitled to support from the husband and entered a decree accordingly.

█ █ The finding of the court, in this earlier case, that the Nielsens resumed the marriage relation and lived together in 1920 is binding upon the parties and that issue cannot be litigated again now. Harding v. Harding, 198 U.S. 317, 25 S. Ct. 679, 49 L. Ed. 1066; Bates v. Bates,

53 Nev. 77, 292 Pac. 298; Appleton v. Appleton, 98 Wash. 199, 166 Pac. 61. This resumption of the marriage relation must be deemed a condonation of earlier misconduct of the spouses concerning which much testimony was given in the present case. Misconduct thus condoned cannot now be considered. This case must be decided solely upon the basis of the conduct of the spouses from the time, in 1920, when, according to the earlier finding of this court, the spouses were reconciled.

It is admitted by both husband and wife that they have not lived together since 1920. It also appears that the parties are now irreconcilable and bitterly hostile toward each other. However, the only evidence now before the court concerning the cause of the 1920 separation is the testimony of Mrs. Nielsen that Mr. Nielsen forced her to leave his house because of the unwillingness of a married daughter to have her mother remain there. The husband, insisting that no reconciliation occurred in 1920, has offered no evidence concerning the alleged 1920 separation. But, whatever the reason for this failure of proof, the fact of reconciliation and subsequent separation cannot now be disputed, and the reason for that separation must be determined upon the evidence before the court.

■ ■ It is also to be considered in connection with the 1920 separation that, although the findings of the court in case No. 18 - 1936 made no mention of fault in connection with that separation, the decree in that case awarding the wife support necessarily presupposed a finding that some fault of the husband was the responsible cause of the separation. For otherwise, according to the principles of equity which govern such an action, the wife would not have been entitled to any relief. Vickers v. Vickers, 45 Nev. 274, 199 Pac. 76; Ivanhoe v. Ivanhoe, 68 Or. 297, 136 Pac. 21.

■ Thus, the case stands on the evidence as one of

393

separation caused by the husband without such fault of the wife or other circumstance as would afford him justification. And though it further appears that the parties are now wholly irreconcilable, the party thus shown to have caused this separation must be precluded by that fault from subsequently obtaining a divorce on the ground of incompatibility of temperament.

 Counsel will prepare and present to the court findings of fact consistent with this opinion and a decree to dismiss the plaintiff's suit. Costs, other than attorney's fee, must be borne by the plaintiff. But, in view of the fact that the plaintiff is already supporting the defendant under the decree in case No. 18 - 1936, no attorney's fee, other than the sum of twenty-five ($25.00) dollars heretofore allowed, will be taxed against the plaintiff.