# Brown *v.* Brown.

### *Divorce.*

(Decided May 30, 1912.   59 South. 48.)

*Divorce; Ground; Desertion.*—To constitute an abandonment, authorizing a divorce, there must be a final departure without the consent of the other party, without sufficient reason, and with no intention to return; the facts examined in this case and held not to constitute an abandonment of the husband by the wife.

[Brown v. Brown.]

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Bill by C. H. Brown against Flora Langford Brown, for divorce on the ground of abandonment. From a decree dismissing the bill complainant appeals. Affirmed.

A. G. & E. D. SMITH, W. J. CONNIFF, ALLEN & BELL, and W. H. SADLER, for appellant. The court erred in decreeing that the complainant pay respondent's attorney's fees.—*Bulke v. Bulke*, 55 South. 490. The husband has the right to designate the domicile.—14 Cyc. 614; *Allen v. Allen*, 84 Ala. 367. The court was therefore in error in holding that no abandonment was shown, and in dismissing complainant's bill.

HARSH, BEDDOW & FITTS, for appellee. The court was not in error in finding against complainant and in dismissing his bill, as the proof wholly failed to establish an abandonment by the wife.—14 Cyc. 611; 70 Am. St. Rep. 68; 44 L. R. A. 420; 30 N. Y. Supp. 1121; 33 N. E. 805. Instead of showing an abandonment by the wife they come near the line of authorities which hold that such cruelty and lack of consideration amounts to abandonment or desertion on the part of the husband.— *Jones v. Jones*, 95 Ala. 443. The court was not in error in allowing attorney's fees.—*Bulke v. Bulke*, 55 South. 490; *Jeter v. Jeter*, 36 Ala. 392; *Brindley v. Brindley*, 121 Ala. 430; *Rast v. Rast*, 113 Ala. 323.

SAYRE, J.—This was a bill for divorce by the husband against the wife; the ground assigned being that the defendant had voluntarily abandoned the complainant. Pendente lite the chancellor, on defendant's petition, made an order of reference for the ascertainment

of proper alimony and compensation for defendant's counsel. On consideration of the register's report, the chancellor disallowed the claim for temporary alimony, and reduced the allowance for the employment of counsel in defense of the suit to $50. We fail to find in the record any reason why the interlocutory decree was unfair to the appellant, or in any respect erroneous.— *Bulke v. Bulke*, 173 Ala. 138, 55 South. 490.

On final submission on pleading and proof, the chancellor dismissed complainant's bill. It is not necessary to say much in justification of the decree. Complainant, about 20 years of age at the time, and defendant, about 16, intermarried and lived together a little more than two months. Complainant took his wife to live with his father and mother. The mother, without just reason, so far as the record shows, gave the young wife her unqualified disapproval, and treated her with habitual and unconcealed contempt. The family seem to have been reasonably well-to-do, and it must be presumed understood the proprieties of life; but the apartment to which the young couple were assigned was, after a few days, provided with another tenant in common in the shape of a lad who had reached the budding age of 14. In the circumstances of the family, there seems to have been no necessity for this provision. The wife was scantily supplied with money and apparel. Unable to move her husband to a different provision for her, she sought shelter elsewhere, as might have been, and probably was, expected. Subsequently she offered to return to her husband, if he would provide a proper place for her. The husband was able to provide, but would not. We find no reason for believing the wife's offer was not made in good faith. This was not an abandonment such as will authorize a decree of divorce. To make such a case, there must be a final departure, without the con-

sent of the other party, without sufficient reason therefor, and without the intention to return.—14 Cyc. 611.

The chancellor's decree was correct, as we think our statement of the circumstances has disclosed, and will be affirmed.

Affirmed. All the Justices concur.