# Johnson v. Johnson.

### Alimony.

(Decided January 13, 1916.  Rehearing denied March 23, 1916.
71 South. 415.)

1. **Divorce; Alimony; Amount; Evidence.**—It cannot be said that there is no basis for a decree for alimony where it appeared that the husband earned a certain sum, and that he had received money for the sale of a parcel of land.

2. **Same.**—As attorneys fees are allowable to the wife in her suit for alimony, the question of the amount of such fees may properly be referred to the register for ascertainment.

3. **Same; Bill; Retention of Jurisdiction.**—Proceedings for the award of alimony should be kept within the control of the court so that the court may make such changes or orders as may seem proper under any changed circumstances of the parties.

APPEAL from Lamar Chancery Court.
Heard before Hon. JAMES E. HORTON, JR.
Bill by Minnie Johnson against her husband W. J. Johnson, for alimony, but not divorce. From the decree, and order of reference, the respondent appeals. Affirmed.

WALTER NESMITH, for appellant. KELLY & YOUNG, for appellee.

GARDNER, J.—Suit by the wife against the husband for alimony alone. The sufficiency of the bill's averments was tested

41—195

on the former appeal in this cause, *Johnson v. Johnson*, 190 Ala. 527, 67 South. 400. From a decree finding the complainant entitled to relief, and ordering a reference to ascertain what would be a reasonable sum to be paid her as alimony, and what a reasonable sum to be paid as compensation for her solicitors, respondent prosecutes this appeal.

The decree directed the register to take into consideration the amount of property owned by respondent, his earning capacity, the amount of his annual income, the circumstances of the parties, and any children the respondent had, dependent upon him for support, as well as to take into consideration the age and health of the complainant, her earning capacity, and what property she might have. The evidence discloses that the complainant left the home of the respondent in June, 1913; the marriage having occurred in 1911. That complainant is without property of any character is without dispute.

The finding of the chancellor that the complainant was entitled to relief discloses his conclusion that the abandonment, by the wife, of the husband, was through the fault of the latter. The evident desire on the part of the respondent that his wife should leave his home, and his confessed unwillingness for her return thereto, in the light of all the testimony in the cause, lends color and support to the theory of the complainant. But we are not disposed to discuss the evidence, for it would serve no good purpose. Suffice it to say, it has been given careful consideration, and we find no fault with the conclusion reached in the court below.

(1) It is insisted that the proof fails to show any property owned by respondent, or any income therefrom, and therefore that there can be no basis for a decree of alimony. There is evidence, however, justifying a very reasonable inference that respondent has some means. In 1912 he sold some property to his son for $1,300, which sum has been paid; and there is evidence tending to show some other means. A further inquiry into his financial condition will doubtless be made by the register, in the reference which has been ordered. In addition to this, there is evidence tending to show that the earning capacity of respondent, at the time of the separation, was $50 per month, which amount he earned as clerk in a store, although he is not now so employed, but is engaged in other labor. That earning capacity is to be

[Brothers, et al. v. Russell & Duke, et al.]

taken into consideration, was determined by this court in the recent case of *Ex parte Whitehead,* 179 Ala. 652, 60 South. 924.

(2) The question of reasonable compensation for complainant's solicitors was also properly referred to the register.—*Rast v. Rast,* 113 Ala. 319, 21 South. 34; *Clisby v. Clisby,* 160 Ala. 572, 49 South. 445, 135 Am. St. Rep. 110. "It has long been the practice in this state to allow such fees in proper cases. They may be regarded as a part of her temporary alimony, necessary for the maintenance of her suit."—*Rast v. Rast, supra.* Upon this question, the case of *Brindley v. Brindley,* 121 Ala. 429, 25 South. 751, wherein it was disclosed that counsel for the wife were to get, under their agreement, half of what was procured by the wife as alimony, is without application to the instant case, as no such agreement, nor anything in the slightest way tending in that direction is shown by this record.

(3) Cases of this character should always be left open and within full control of the court for any change therein which the circumstances or the necessities of the situation may demand. The chancellor, in his decree of reference, was careful to give full scope to the inquiries by the register as to the situation of the parties, that justice may be done, and no hardship result. We find no error in the decree, and it is accordingly affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.