(89 South. 462)

ANONYMOUS. (1 Div. 188.)

(Supreme Court of Alabama. June 30, 1921.)

1. Parent and child ⊜⇒2(4)—Consent to "voluntary separation" affecting right to custody of child may be implied from a course of conduct compelling a separation.

The consent to separation under Code 1907, § 4503, empowering chancery, on the petition of either husband or wife, in cases of "voluntary separation" to permit either to have the custody and control of the children, and to superintend and direct their education, may be implied, as where one spouse pursues toward the other a course of conduct compelling a separation, but to justify the withdrawal by one spouse from the home and society of the other, the conduct of the other must not be occasional or transient only, but must be continuous or persistent, and apparently irremediable, must be vicious and unjustifiable, and must involve the fundamental happiness or self-respect of the withdrawing spouse.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Voluntary Separation.]

2. Parent and child ⊜⇒2(4)—Husband's conduct held not to justify wife's withdrawal so as to constitute the separation a "voluntary separation."

Husband's insistence on having intercourse with wife, who wished to withdraw therefrom to prevent birth of more children because of financial inability to properly care for them, his refusal to permit her to earn an independent income, and his failure to furnish her with means to pay for dental services, or to allow her to sew for such services, did not, on wife's withdrawal from husband, make the separation a "voluntary separation" within Code 1907, § 4503, authorizing court to give custody of children to either father or mother in cases of "voluntary separation," on theory that husband's conduct justified wife in withdrawing from him.

3. Husband and wife ⊜⇒3(½) — Husband's right to sexual intercourse qualified by considerations of health and decency.

Husband's right to sexual intercourse is not absolute, but is qualified by considerations of health and decency.

4. Parent and child ⊜⇒2(2)—Custody of child not given to mother living apart from father without good reason.

Equity will not give custody of 4 year old son to mother who left father without good reason therefor, in the absence of a showing that the father did not qualify mentally, physically, morally, or financially for the care and nurture of the child.

5. Husband and wife ⊜⇒283(2)—Husband not required to provide separate maintenance for wife who has abandoned him without cause.

A husband is not required to provide separate maintenance for a wife who has abandoned him without cause.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Bill by Cora P. Little against William L. Little for alimony, temporary and permanent, and for the custody of an infant child. From a decree denying relief, the complainant appeals. Affirmed.

Primarily the prayer is for the custody of the infant child born of the marriage, a son 4 years old, with permanent alimony for their maintenance. There is also a prayer for temporary alimony and counsel fees, and for complainant's provisional enjoyment of the society of the child.

The bill alleges that the parties were married in 1913, when complainant was only eighteen years of age; that respondent and his family were socially prominent, but respondent's salary (then $95 per month) was entirely inadequate to support them in their sphere of life, but the complainant, by reason of youth and inexperience, did not understand this. Complaint is made of the financial stringency under which they lived; of the respondent's inability to provide a home and independent support; of the partial dependence upon respondent's father, with whom they lived until February, 1920; of respondent's failure to give complainant any money, and her mortification at his failure to pay her clothing bills; of her efforts to earn money by taking in sewing, and his anger at and interference with such efforts; of his failure to take her to places of amusement, or to go out with her in public, and his objection to her seeking the society of other ladies, and of his unreasonable attitude as to various other minor matters of domestic concern.

The bill further alleges that the complainant was unwilling to bear any additional children, for economic reasons, and she informed respondent that she would refuse any further marital intercourse, and did so refuse. Upon his attempting thereafter to force such intercourse, she left him and his home, "to avoid any further instances of that character," and made her home with her sister. Afterwards, in December, 1920, complainant returned to defendant and lived with him as his wife in order to be with her said child; but, it is alleged:

"Defendant has again pursued the same course as heretofore; he has objected to her having her teeth attended to by a dentist, and has declined either to furnish her with means to pay for dental services or to allow her to sew in payment for such services, and has by a series of small annoyances made it impossible for complainant to live with him as his wife, and she has been compelled to again withdraw from marital relations with him, and to live separate from him."

It is further alleged that complainant is a woman of refinement and good character, and capable of raising her child under the best of influences, and that he needs a mother's care, and that complainant is without means or employment, and unable to pay the expenses of this proceeding.

Respondent demurred to the bill of complaint upon the following grounds, among others: (1) No equity in the bill; (2) it appears that complainant is at fault in abandoning respondent and leaving his home; (3) complainant is not entitled to the custody of the child after abandoning respondent, in the absence of a showing that respondent is not a proper person to retain its custody; (4) it appears that respondent is well able to support and care for the child and educate it, and that complainant has no means of doing so; (5) it appears that there has not been a voluntary separation between the parties, but only an abandonment by complainant of respondent and the child.

Smiths, Young, Leigh & Johnston, of Mobile, for appellant.

Regardless of the statutes, the court has inherent jurisdiction of the custody of children. 55 Ala. 428; 166 Ala. 351, 52 South. 310; 201 Ala. 260, 77 South. 674. The interest of the child should be the guiding factor in determining its future custody. 75 Miss. 522, 22 South. 950, 41 L. R. A. 570, and authorities supra.

Stevens, McCorvey & McLeod, of Mobile, for appellee.

There has been no voluntary abandonment, within the purview of section 4503, Code 1907. 31 Ala. 479; 34 Ala. 516. In the absence of a voluntary abandonment the statute does not apply, and the bill is without equity otherwise. 20 R. C. L. 595; 29 Cyc. 1588; 31 Ala. 425; 134 Ala. 317, 32 South. 659; 68 Ala. 299; 84 South. 870.

SOMERVILLE, J. The theory of complainant's bill, as a basis for equitable relief, is stated in its concluding paragraph as follows:

"Under the facts herein alleged, the complainant * * * charges that there is a voluntary separation between herself and the defendant within the meaning of section 4503 of the Code of Alabama of 1907; but, if she be mistaken in this, still the conduct of the defendant towards her justified her in refusing to longer live with him, and was equivalent to an abandonment of her by the defendant, and that it is to the best interests of the said child, William Little, that she be decreed the custody of said child."

[1] It cannot be seriously contended that the separation shown by the bill is with the actual consent of the husband. The real insistence is that his general course of conduct was such as to show a constructive consent to complainant's withdrawal from his home and from his society, and so to establish the statutory jurisdiction of the court to dispose of the custody of the child upon the

basis merely of an equitable discretion. The statute in question is as follows:

"In all cases of voluntary separation of husband and wife, the court of chancery has power, on the petition of either party, * * * to permit either the father or mother to have the custody and control of the children, and to superintend and direct their education, having regard to the prudence, ability, and fitness of the parents, and the age and sex of the children." Code 1907, § 4503.

"The statute is in terms limited to a 'voluntary' separation; but we do not suppose it was contemplated each party should, in words, express assent to it. The assent may be implied, as it is often implied in reference to contracts and agreements. A husband may pursue towards the wife, or the wife towards the husband, a course of conduct compelling a separation; and it would be idle to say such was not the result anticipated or intended." Anonymous, 55 Ala. 428, 431.

And in order to justify the withdrawal by one spouse from the home and society of the other, it is settled in this state, in accord with the weight of reason and authority, that the provoking cause or causes need not be such as would entitle the injured party to a divorce. Spafford v. Spafford, 199 Ala. 300, 74 South. 354, L. R. A. 1917D, 773.

But courts will not justify such withdrawals except for the gravest and most compelling reasons—reasons which involve the fundamental happiness or self-respect of the withdrawing spouse, and the vicious and unjustifiable conduct of the other. And the provoking misconduct should not be occasional or transient only, but continuous or persistent, and apparently irremediable. Bryan v. Bryan, 34 Ala. 516, 519–522; Anonymous, 55 Ala. 428; Brown v. Brown, 178 Ala. 121, 59 South. 48; Spafford v. Spafford, 199 Ala. 300, 74 South. 358, L. R. A. 1917D, 773.

[2] Giving their full weight to the facts alleged in the instant bill, and to the conditions complained of, we think they fall far short of justifying complainant's abandonment of respondent. There is nothing to show that respondent has not supplied her with necessaries and comforts to the extent of his ability. His failure to take her to places of amusement may well have been due to financial stringency, and therefore without culpability; but in any case, it was not a matter of grave concern. It may be conceded that respondent's attitude of hostility to complainant's sewing in order to earn some independent income was, under the circumstances, unreasonable; but it is easily understandable, venial in its character, and could not in reason involve the happiness or self-respect of complainant.

Nor did complainant herself deem a separation necessary until, having determined to bear no more children (on account, as alleged, of their financial inability to properly care for them), she informed her husband of her withdrawal from further marital intercourse, and he insisted nevertheless upon her submission. Indeed, the bill is explicit in its averment that, following his forcible insistence, she left his home, not on account of previous disagreements, but merely "to avoid further instances of that character."

"Sexual intercourse between husband and wife is recognized as one of the chief aims and controlling objects of marriage. This was regarded from an early date such an essential element of the marriage relation that the impotency of either spouse constituted ground for annulment of the marriage. It is asserted that a husband may enforce sexual connection, and that in the exercise of his marital right he cannot be guilty of the offense of rape." 13 R. C. L. pp. 987, 988, § 6.

[3] The right is, of course, not absolute, but is qualified by considerations of health and decency. Complainant's summary denial of the right cannot, upon the ground averred, be excused, much less justified, and she was by her own admission guilty of a grave breach of marital duty.

In explanation of her second and final withdrawal from respondent's home and society, it is averred merely that—

"He has declined either to furnish her with the means to pay for dental services, or to allow her to sew in payment for such services, and has by a series of small annoyances made it impossible for complainant to continue to live with him as his wife."

It does not appear that the dental services referred to were necessary, nor that the amount expected to be paid therefor was reasonable, nor within the means or ability of the husband to pay. As for "petty annoyances," it may be observed that very few, if any, marriages are free from them; and while parties may determine for themselves how much annoyance they are willing to endure, their withdrawal from the relation upon insufficient grounds, as courts may adjudge them, will or may work a forfeiture of their marital rights.

We conclude that the bill does not show a voluntary separation between complainant and respondent, either actual or constructive, and that the equity of the bill cannot be rested upon section 4503 of the Code. Bryan v. Bryan, 34 Ala. 516; Anonymous, 55 Ala. 428, 430.

The equity of the bill, if any it has, must therefore be grounded upon the original jurisdiction of courts of chancery over infants, which it may exercise for their protection and benefit whenever conditions require it.

In Bryan v. Bryan, supra, it was said:

"As the equity of this proceeding cannot be maintained under our statute, the question arises, Can it be maintained under the principles which governed the jurisdiction of the chancery court over minor children at common law?

The chancery court has jurisdiction, independent of the statute, over the custody of infant children. Story's Eq. Jur. § 1341. But in the exercise of that jurisdiction, respect is always paid to the prior common-law right of the father to the custody and control of his minor children. Ex parte Boaz, 31 Ala. 425. This prior right of the father will be controlled and made subordinate to the interests of the children, but it requires a strong case to induce the court to interfere with that right."

In that case, concluding upon the facts before it, the court further said:

"Taking into consideration the fact that the defendant is not shown to be of such character, or to have such habits as would necessarily contaminate the children, or render them unsafe in his custody, and the strong favor with which the law regards the father's prior right to the custody of his children, and the unauthorized state of separation from her husband in which the petitioner has placed herself, and her want of any peculiar fitness for the custody and care of the children, and also that the children have passed the age when the mother's care, though valuable and desirable, is not indispensable, we deem it our duty to withhold any active interference in behalf of the wife's exclusive custody and control of the children."

[4] The bill in this case does not charge, and is indeed bare of any suggestion, that the respondent is not qualified mentally, physically, morally, or financially for the care and nurture of the son, who is now more that 4 years of age, and not peculiarly dependent upon the attentions of a mother. And it does show that the complainant is living in a state of unauthorized and unwarranted separation from the husband and son. It therefore fails to present a prima facie case for the interposition and interference of a court of chancery, and is plainly subject to demurrer for want of equity, so far as the custody of the child is concerned.

[5] Nor is complainant entitled, under the circumstances shown, to separate maintenance for herself.

"The common-law duty of the husband to support the wife is not absolute. He is bound to support her at the common home, and not under another's roof, unless his own improper conduct has forced her to seek shelter elsewhere. Hence, if she abandons her home without cause, the right to support from her husband at once ceases." Brindley v. Brindley, 121 Ala. 429, 432, 25 South. 751, 752.

We think the demurrer was properly sustained, and the decree of the circuit court will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.