## McEVOY v. McEVOY. (1 Div. 374, 383.)

(Supreme Court of Alabama. Dec. 17, 1925.)

**1. Divorce ⊗=37(1)—Elements necessary to constitute voluntary abandonment authorizing decree stated.**

To constitute a voluntary abandonment authorizing a decree of divorce, there must be a final departure without consent of other party, without sufficient reason therefor, and without intention to return.

**2. Divorce ⊗=184(4)—Testimony in divorce action to be considered without any presumption in favor of ruling of court below.**

Where testimony in action for divorce was by deposition, not orally before the court, it was to be considered by reviewing tribunal on appeal without any presumption in favor of ruling of court below.

**3. Divorce ⊗=37(1, 8)—Husband not required to initiate reconciliation; voluntary abandonment by wife held established in behalf of husband.**

Where wife left husband without just cause, husband, who had every reason to believe separation was final, with no intention by wife to return, she not having indicated by word or conduct otherwise to him during intervening time, was not required to initiate a reconciliation, and a case of voluntary abandonment by wife was established in his behalf.

⊗=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Divorce ⟨⟩221—Solicitor's fees allowed to wife are regarded as part of temporary alimony.**

Solicitor's fees are allowed to wife as aid in maintenance of her suit for divorce, but they are regarded as part of temporary alimony.

**5. Divorce ⟨⟩221—Wife's release of all claims of alimony included claims for counsel fees in defending suit for divorce.**

Written agreement of settlement between husband and wife, wherein wife released all claims of alimony, *held* to include wife's claim for counsel fees in defending suit for divorce, where agreement was fairly entered into and fully understood, and there was no complaint that wife was overreached.

Appeal from Circuit Court, Mobile County; J. W. Goldsby, Judge.

Bill for divorce by John H. McEvoy against Eva R. McEvoy. From the decree both parties appeal. Reversed, rendered, and remanded on main appeal; affirmed on cross-appeal.

Inge & Bates, of Mobile, for appellant.

Divorce for abandonment is authorized, where there has been a final abandonment without the consent of the other party, and without sufficient reason therefor and without the intention to return. The wife having removed from the room of the husband and employed an attorney to arrange for separation, this amounts to abandonment, and, persisted in for two years, entitles the husband to divorce. Pentecost v. Pentecost, 204 Ala. 152, 85 So. 374; Dabbs v. Dabbs, 196 Ala. 164, 71 So. 696; Mayo v. Mayo, 199 Ala. 551, 74 So. 971; Brown v. Brown, 178 Ala. 121, 59 So. 48; Jones v. Jones, 95 Ala. 443, 11 So. 11, 18 L. R. A. 95. In view of the separation agreement, and division of the husband's estate in lieu of alimony, the wife is not entitled to solicitor's fee. Bulke v. Bulke, 173 Ala. 138, 55 So. 490; Farrell v. Betts, 16 Ala. App. 668, 81 So. 188; Rast v. Rast, 113 Ala. 319, 21 So. 34.

Gaillard, Mahorner & Arnold, of Mobile; for appellee.

Proof of abandonment must be clear and positive. Allen v. Allen, 84 Ala. 367, 4 So. 590. Where the husband assents, expressly or by implication, to the separation or the wife's continued absence, he is not entitled to divorce. Stone v. Stone, 206 Ala. 568, 90 So. 794; Israel v. Israel, 185 Ala. 39, 64 So. 67. The departure must be final, without the consent of the other party, without sufficient cause, and without the intention to return. Brown v. Brown, 178 Ala. 121, 59 So. 48; Pentecost v. Pentecost, 204 Ala. 152, 85 So. 374. Consent by husband and wife to live apart does not give either ground for a divorce. Jones v. Jones, 13 Ala. 145. The court erred in not allowing solicitor's fee to the defendant. Kinsey v. Kinsey, 37 Ala. 397; Mahone v. Williams, 39 Ala. 202; Anniston L. & T. Co. v. Ward, 108 Ala. 85, 18 So. 937; Warren v. Lawson, 117 Ala. 339, 23 So. 65; Bulke v. Bulke, 173 Ala. 138, 55 So. 490.

GARDNER, J. [1] Suit for divorce by the husband against the wife upon the ground of abandonment. From a decree dismissing the bill the complainant has prosecuted this appeal. That the parties have been living separate and apart for more than two years next preceding the filing of this bill is not controverted; but the respondent insists the abandonment was by the husband. To constitute such a voluntary abandonment authorizing a decree of divorce, it is well settled there must be a final departure, without the consent of the other party, without sufficient reason therefor, and without the intention to return. Brown v. Brown, 178 Ala. 121, 59 So. 48; Mayo v. Mayo, 199 Ala. 551, 74 So. 971.

[2] The case presents purely a question of fact. The testimony was by deposition, not orally before the court, and is to be considered here without any presumption in favor of the ruling of the court below. We prefer to engage in no detailed discussion of the evidence, as it would but serve to place in bold relief this domestic unhappiness, and no useful purpose would be subserved thereby. Such has been the policy of this court since the passage of the Act of 1915, p. 594. The evidence has been read and studied with much care, and we content ourselves with a statement of our conclusion drawn therefrom.

The wife first left the husband, and we are persuaded there was no just cause or sufficient excuse therefor, and was without his consent. He provided well for his family, and there is no serious effort to show any unkind treatment on his part through the 16 years of their married life either toward any member of his own family or the nieces and nephews of the wife who also constituted a part of the household. We conclude, also, that the abandonment of the wife had all the earmarks of finality, with no intention to return. She engaged counsel, stating she wanted to see about a separation and a division of the property; a considerable sum having been accumulated during the marriage. The substance of this interview was contained in a letter from her counsel to the husband, wherein he was informed that the wife had stated she thought it for the best interest of all that the two should "live separately, and that a separation of * * * property interests be had." Upon exhibiting the letter to the wife, the husband testified that she stated, "It meant what it said." He offered to her counsel an equal division of all property. Appraisers were appointed,

and a satisfactory equal division was had, deed executed, and contract duly entered into, and in this contract, aside from waiving all claim of dower, the wife further agreed to "make no claim for alimony against the said John H. McEvoy."

Certainly under all these circumstances the husband had every reason to believe and understand the separation was final, with no intention on the part of the wife to return, and no word or conduct of the wife is shown to have indicated otherwise to him during the intervening time.

In Stone v. Stone, 206 Ala. 568, 90 So. 704, cited by counsel for appellee, it appears the husband was at fault in causing the abandonment, and in effect assented to the separation and its continuance, and that the facts presented a case wherein the duty of reconciliation rested upon the husband, citing the note to Hill v. Hill, 39 L. R. A. (N. S.) 1117, which authority was also noted in Spafford v. Spafford, 199 Ala. 300, 74 So. 354, L. R. A. 1917D, 773, in connection with Edwards v. Edwards, 69 N. J. Eq. 522, 61 A. 531. What is said, therefore, in the Stone Case upon this question is to be read in the light of the facts as there found to exist, and as not indicating an introduction of any new or additional element into cases of this character, where divorce is sought upon the ground of voluntary abandonment.

[3] We are persuaded that under the facts as here presented no duty rested upon the husband of initiating a reconciliation, and that a case of voluntary abandonment by the wife has been established in behalf of the husband. The decree dismissing the bill is therefore erroneous.

[4] Appellee has entered cross-assignments of error based upon the court's ruling denying any solicitor's fees. It has been long the practice to allow such solicitor's fees to the wife, as aid in the maintenance of her suit, but they are regarded as a part of the temporary alimony. Johnson v. Johnson, 195 Ala. 641, 71 So. 415.

[5] We have previously referred to the written agreement of settlement entered into between these parties wherein the wife released all claim of alimony. In the light of the language used, the surrounding circumstances, we think it was the evident intent of the parties the agreement embraced alimony of every character, temporary and permanent, and, as solicitor's fees constitute a part of the temporary alimony, that it also included such claim for counsel's fees. The agreement was fairly entered into and fully understood, and there is no complaint that the wife was overreached.

In Bulke v. Bulke, 173 Ala. 138, 55 So. 490 it was held that our statutory provisions for temporary alimony do not require the allowance thereof, if the husband has already pro-

vided for such support. That authority we consider as conclusive adversely to appellee upon the cross-assignments of error, and the ruling of the court thereon will be affirmed.

It results that the decree dismissing the bill will be reversed, and one here rendered granting the relief prayed by complainant. The decree as to the matter constituting the cross-assignments of error is affirmed. The appellee will be taxed with the costs of this appeal, but the conclusion has been reached that the costs of the court below be taxed equally between the parties.

Reversed and rendered on the main appeal.

Affirmed on cross-appeal.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.