(130 So. 677)

## HIGGINS v. HIGGINS.
### I Div. 585.

Supreme Court of Alabama.
Nov. 6, 1930.

Outlaw & Kilborn, of Mobile, for appellant.

Stevens, McCorvey, McLeod, Goode & Turner, of Mobile, for appellee.

FOSTER, J.

This case was tried by the judge of the circuit court sitting in equity. ·He found that the husband was due an absolute divorce, rather than that the wife was due one from bed and board, and decreed accordingly.

█ There was much evidence, all taken orally in open court. Under such circumstances, the finding and decree of the court are usually treated in the same status as the verdict of a jury, when on appeal we are called upon to weigh the sufficiency of the evidence. McNaron v. McNaron, 210 Ala. 687, 99 So. 116; McClurkin v. McClurkin, 206 Ala. 513, 90 So. 917.

The rules of law applicable to the facts of this case have been referred to in many of our cases. In the case of Stephenson v. Stephenson, 215 Ala. 545, 112 So. 119, the cases are cited which define many aspects of the divorce law when voluntary abandonment is the ground. As applicable to the facts of this case, we think a statement as expressed in some of the authorities is accurate and peculiarly apt, in which it is said that, "where a spouse intentionally brings the cohabitation to an end by misconduct which renders the continuance of the marriage relation so unbearable that the other leaves the family home, the former and not the latter is the deserter." 19 C. J. 61; Hudson v. Hudson, 59 Fla. 529, 51 So. 857, 29 L. R. A. (N. S.) 614, 138 Am. St. Rep. 141, 21 Ann. Cas. 278; Anonymous, 206 Ala. 295, 89 So. 462; Anonymous, 55 Ala. 426.

█ It is certainly well said that, if the husband consents to the separation, it is not in legal effect an abandonment of him. Stone v. Stone, 206 Ala. 568, 90 So. 794; Stephenson v. Stephenson, supra.

█ But it is as true that his act in leaving the common home and determination not to continue the relation due to the misconduct of the wife which is of such nature as to justify his act in doing so is not an assent by him to the separation. And, if the misconduct be of sufficient nature to destroy his affection for her, that fact does not alter the situation. Yet, as pointed out in the case of Jones v. Jones, 95 Ala. 443, 11 So. 11, 18 L. R. A. 95, the husband is not justified in such conduct merely through "exhibitions of ill temper on her part, the use of coarse and indelicate language, grossly offensive behavior." We do not understand this case to hold that such misbehavior on the part of the wife could not be so gross as to amount to compulsion and be in effect a voluntary abandonment of her husband by her. Our court has given approval to this conclusion in language which we quote as follows:

"A husband may pursue towards the wife, or the wife towards the husband, a course of conduct compelling a separation; and it would be idle to say such was not the result anticipated or intended. * * * It would be vain * * * to say, that [the] abandonment was voluntary." Hardin v. Hardin, 17 Ala. 250 [52 Am. Dec. 170]." Anonymous, 55 Ala. 428.

"And in order to justify the withdrawal by one spouse from the home and society of the

46

other, it is settled in this state, in accord with the weight of reason and authority, that the provoking cause or causes need not be such as would entitle the injured party to a divorce. Spafford v. Spafford, 199 Ala. 300, 74 So. 354, L. R. A. 1917D, 773.

"But courts will not justify such withdrawals except for the gravest and most compelling reasons—reasons which involve the fundamental happiness or self-respect of the withdrawing spouse, and the vicious and unjustifiable conduct of the other. And the provoking misconduct should not be occasional or transient only, but continuous or persistent, and apparently irremediable. Bryan v. Bryan, 34 Ala. 516, 519–522; Anonymous, 55 Ala. 428; Brown v. Brown, 178 Ala. 121, 59 So. 48; Spafford v. Spafford, 199 Ala. 300, 74 So. 358, L. R. A. 1917D, 773." Anonymous, 206 Ala. 295, 297, 89 So. 462, 463.

Under such circumstances the husband is not required to seek a reconciliation. McEvoy v. McEvoy, 214 Ala. 112, 106 So. 602.

Without undertaking to discuss the evidence, we have concluded that some aspects of the evidence, when considered in the light of the principles which we have mentioned, show that the husband was justified in leaving the family home which he had furnished. In a short time thereafter the wife left the city of their residence, carrying the two boys, though the husband had continued to provide the home for them and to maintain them in it. After complainant left the city, they had little communication, without any effort at reconciliation by either. Complainant held a good position, and, with the rent of her property, her income was substantially equal to his. He expressed a willingness to continue to provide for their maintenance in Mobile, the place of their abode, and did so as long as they remained in Mobile. When she left and went to a distant city, a different measure of duty applied. Brindley v. Brindley, 121 Ala. 429, 432, 25 So. 751; Rearden v. Rearden, 210 Ala. 129, 97 So. 138; Sellers v. Sellers, 212 Ala. 290, 102 So. 442.

■ The original bill was by the wife seeking a divorce from bed and board, and for alimony and counsel fees. This court has applied to such a claim the same rule which controls cases for alimony without seeking a divorce; that is, that in such cases the court will only grant such alimony where the wife is without means, and then it is not mandatory. Ex parte, etc., Tissier, 214 Ala. 219, 106 So. 866; Brady v. Brady, 144 Ala. 414, 419, 39 So. 237.

■ The record shows that there was no pleading seeking an absolute divorce until the day before the case was heard by the judge, when appellee filed a cross-bill, and on the day of the hearing an answer to the cross-bill was filed, the evidence taken, and a final decree entered. There had been a submission on motion for a reference to ascertain temporary alimony, but no decree was entered on the submission. The bill was amended, and then another motion for a reference was filed, but no submission appears on that motion, nor was a decree entered on it. There is therefore nothing in the record for review pertaining to this subject. If complainant sought to press the motion, she should have had some nature of ruling by the court, and, upon a refusal of the court to act, she could require it by mandamus on petition to this court. Brady v. Brady, 144 Ala. 414, 39 So. 237. Solicitors' fees are regarded as a part of the temporary alimony. McEvoy v. McEvoy, 214 Ala. 112, 106 So. 602; Johnson v. Johnson, 195 Ala. 641, 71 So. 415.

In the final decree the court ordered a reference to ascertain the amount of permanent alimony and solicitors' fees, and retained jurisdiction to make such orders pertaining to them as may seem just and proper.

■ This court has construed section 7418, Code 1923, in connection with sections 7419, 7420, to mean that, when an absolute divorce is granted, whether in favor of the wife or husband, the wife is entitled to permanent alimony unless she has an estate sufficient for her support and maintenance. Gibson v. Gibson, 203 Ala. 466, 83 So. 478; Robertson v. Robertson, 213 Ala. 114, 104 So. 27.

■ But, when the divorce is granted for misconduct of the wife, the allowance must be regulated by the ability of the husband, and the nature of the misconduct of the wife. Section 7420, Code 1923; Robertson v. Robertson, supra.

■ There having been no decree fixing the amount of permanent alimony, there is nothing pertaining to it for review.

We also conclude that the court had due care for the welfare of the children and the rights of their parents in providing for their custody and for making temporary visits to their father.

We find no error in the record, and it is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.