160 So. 230

**Ex parte COX.**

**COX v. COX.**

8 Div. 533–612.

Supreme Court of Alabama.
March 21, 1935.

Thos. C. Pettus, of Moulton, for appellant.

J. A. Lusk & Son, of Guntersville, for appellee.

FOSTER, Justice.

This is a suit in equity for divorce by the husband. They were married in 1897, and separated in February, 1930. They had reared two sons and educated them. Their married life seemed in the main to be accompanied with much discord and confusion.

On the day of their separation they entered into an agreement in writing making division of the property of the husband so that each received substantially one-half. It was also stated that it was a final settlement of all questions of alimony and claims of either to the property of the other. Mrs. Cox had some money in the bank, but borrowed from her brother $850, and paid to Mr. Cox in adjusting the property values between them. They finally separated on that day, with Mr. Cox leaving the home, which was deeded to her. The agreement was signed after Mrs. Cox had consulted with her brother, who was a dentist residing at Guntersville. It was prepared by a lawyer suggested by this brother. Mr. and Mrs. Cox and he went to the lawyer's office, where the terms of the agreement were discussed, and where he wrote the contract, and it was there signed by them. The parties went their respective ways, and had no further contacts. Mr. Cox was, and still is, a rural mail carrier, and was transferred to a different part of the state. They have a son who is a physician and surgeon in Decatur, and the other son is married and lives separate from them both.

On September 17, 1932, Mr. Cox filed this suit for divorce on the ground of voluntary abandonment. Mrs. Cox is resisting it, and filed a cross-bill for alimony and attorney's fee, alleging that the agreement was the result of threats and compulsion. The court granted the divorce, denied alimony, but allowed an attorney's fee. Mrs. Cox prosecutes the appeal, and has also presented a petition for mandamus to review the interlocutory decree denying temporary alimony.

But, since the appeal is from the final decree, appellant may, as she has, assign as error the interlocutory decree, and, under such circumstances, mandamus is not appropriate. Ex parte Farrell, 196 Ala. 434, 71 So. 462, L. R. A. 1916F, 1257; Brindley v. Brindley, 121 Ala. 429, 25 So. 751; Ex parte Apperson, 217 Ala. 176, 115 So. 226.

While alimony pendente lite in a divorce suit is a right under the statute (Ex parte Apperson, supra; Ex parte Harris, 228 Ala. 88, 89, 152 So. 449; section 7417, Code), it is not so when the parties have made a valid agreement in which the wife has released all claims for alimony (Bulke v. Bulke, 173 Ala. 138, 55 So. 490; McEvoy v. McEvoy, 214 Ala. 112, 106 So. 602).

In allowing her an attorney's fee as provided in the final decree, the court was generous with her, since the right to an attorney's fee is generally an incident to alimony. McEvoy v. McEvoy, supra; Bell v. Bell, 214 Ala. 573, 108 So. 375, 45 A. L. R. 935; Johnson v. Johnson, 195 Ala. 641, 71 So. 415. But it is said to be within the discretion of the court. Ex parte Harris, supra.

It is also insisted that the decree of divorce should be reversed because the separation was by mutual agreement and because the contract provides that, if either party desires to get a divorce and files a bill for that purpose, the other agrees not to resist such proceeding. The latter feature of the contract has not been carried into this proceeding. Mrs. Cox is most strenuously here re-

sisting the suit. The divorce was not granted on her confession in violation of section 7413, Code.

 It is of course true that, if Mr. Cox consented to the separation without being so induced by his wife's misconduct, it was not an abandonment of him by her. But in this case we agree with the finding of the trial court that Mrs. Cox intentionally brought about the separation and that his agreement, as expressed in their contract, was the result of her willful conduct, and it is not sufficient, thus considered, to cause us to hold that the separation was not an abandonment by her of him. Higgins v. Higgins, 222 Ala. 44, 130 So. 677; Anonymous, 206 Ala. 295, 89 So. 462.

There is much testimony relating to the conduct of Mr. Cox, since the separation, which is sufficient to justify a suspicion of improper relations with another woman. But none of this occurred before the separation, which we think was caused by the wife. She seeks no relief on account of such conduct, and, while she has evidently been satisfied that the separation has occurred, she sought no alimony until after this suit was filed, and now apparently only desires to prevent him from being free to marry again.

We think that the decree was without error. Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.