20 So.2d 103

### BAINS v. BAINS.
#### 6 Div. 255.

Supreme Court of Alabama.
Dec. 14, 1944.

250

R. D. Coffman, of Birmingham, and G. P. Benton, of Fairfield, for appellant.

Bumgardner, Saunders & Hawkins, of Bessemer, for appellee.

PER CURIAM:

The majority, consisting of GARDNER, C. J., THOMAS, FOSTER, LIVINGSTON, STAKELY, and SIMPSON, JJ., are of opinion that the facts alleged, which will appear in the reporter's statement of the case, show as a matter of law that the wife voluntarily abandoned the husband, and that the case is due to be affirmed. It is so ordered by the court.

Affirmed.

All concur, except BROWN, J., who dissents.

BROWN, Justice (dissenting).

This appeal is from an interlocutory decretal order of the circuit court overruling the demurrer of complainant, the wife, to the cross-bill filed by the husband, appellant, seeking a divorce from the wife on the ground of voluntary abandonment. The pleader does not allege this ground in the terms of the statute, but alleges specific facts which might suggest voluntary abandonment as a matter of fact, but the pleader does not draw the conclusion that the facts alleged constituted voluntary abandonment by the wife from the bed and board for two years next preceding the filing of the cross-bill. Code 1940, Tit. 34, § 20; Perry v. Perry, 230 Ala. 502, 162 So. 101.

The most that can be said of the allegations of the cross-bill is that, if the facts alleged were presented as a matter of evidence, they might support an inference that the conduct alleged constituted voluntary abandonment. This is not sufficient on demurrer, as the rules of good pleading require that, "matters essential to the complainant's right to relief must appear, not by inference, but by direct and unambiguous averment." Duckworth v. Duckworth's Adm'r, 35 Ala. 70. "In chancery pleadings it is not sufficient merely to aver evidence from which a required fact may be inferred." 8 Ala.Dig., Equity, ⬤143, p. 474; Board of Revenue of Covington County v. Merrill, 193 Ala. 521, 68 So. 971. Taking the allegations of the cross-bill as true, as must be done on demurrer, they affirmatively allege that the husband gathered up his belongings and left the home with the intent to acquire another place of abode, and affords an inference that the separation was by consent of the husband, and does not negative the intention of returning and becoming reconciled as he had done many times before. To constitute voluntary abandonment, "There must be a final departure, without the consent of the other party, without sufficient reason therefor, and without the intention to return." Brown v. Brown, 178 Ala. 121, 59 So. 48. On the other hand, these allegations leave it to inference that the wife would allow the husband to return if solicited to do so as she had done before. In the case of Higgins v. Higgins, 222 Ala. 44, 130 So. 677, the opinion was dealing with the sufficiency of testimony given ore tenus to sustain the conclusions of the trial court. The jurisdiction of courts of equity in this state to grant divorces is statutory and limited, and the statute requires that, "The cause for

which the divorce is sought must be alleged in the bill." Code 1940, Tit. 34, § 23; Tillery v. Tillery, 217 Ala. 142, 115 So. 27; Perry v. Perry, 230 Ala. 502, 162 So. 101; Martin v. Martin, 173 Ala. 106, 55 So. 632.

The better practice is to allege the ground in the language of the statute.

I am, therefore, of the opinion that the court erred in overruling the demurrers to the cross-bill, and that the decree should be reversed.