32 So.2d 657

GEE v. GEE

6 Div. 621.

Supreme Court of Alabama.

Nov. 20, 1947.

John A. Altman, of Carrollton, for appellant.

Curry & Curry, of Carrollton, for appellee.

**SIMPSON, Justice.**

This is a divorce case. The appellant, Mrs. Gee, was the defendant and the decree was rendered in favor of her husband, the appellee, awarding him a divorce on the ground of voluntary abandonment.

The married life of the couple, for many years, seems to have been fraught with much discord and unhappiness. Finally, as a result thereof and by mutual agreement, the plaintiff sold all his property, including the home where the couple had resided, and the parties divided the proceeds, and separated from each other never afterwards having lived together.

The right to the divorce for voluntary abandonment required that the separation be without the fault of the complaining spouse. This was the strictly disputed issue in the case, Mrs. Gee, the defendant, contending that she never desired to break up the home and that it was her husband who induced the separation. If this should have been found to be the case, then plaintiff would not have been entitled to the divorce.

Another defense interposed was that by agreeing to sell the home and separate, the separation was by consent of the plaintiff, which disentitled him to a decree on the asserted ground. The rule is that when the complaining party consents to the separation without it having been caused by the other's misconduct, the plaintiff cannot procure a divorce for abandonment, but where the agreement to separate was induced by the misconduct of the defendant the plaintiff, notwithstanding a later separation by consent, could still maintain the action and sustain the cause. Ex parte Cox, 230 Ala. 158, 160 So. 230; Higgins v. Higgins, 222 Ala. 44, 130 So. 677; Anonymous, 206 Ala. 295, 89 So. 462.

It is held that though the provoking cause for the separation need not be such as would entitle the injured party to a divorce (Spafford v. Spafford, 199 Ala. 300, 74 So. 354, L.R.A.1917D, 773) yet the reasons must be impelling—"reasons which involve the fundamental happiness or self-respect of the withdrawing spouse, and the vicious and unjustifiable conduct of the other. And the provoking misconduct should not be occasional or transient only, but continuous or persistent, and apparently irremediable. Bryan v. Bryan, 34 Ala. 516, 519-522; Anonymous, 55 Ala. 428; Brown v. Brown, 178 Ala. 121, 59 So. 48; Spafford v. Spafford, 199 Ala. 300, 74 So. 358, L.R.A.1917D, 773." Anonymous, 206 Ala. 295, 297, 89 So. 462, 463.

"Under such circumstances the husband [if the injured party] is not required to seek a reconciliation. McEvoy v. McEvoy, 214 Ala. 112, 106 So. 602." Higgins v. Higgins, supra, 222 Ala. 46, 130 So. 679.

Decision, then, in the instant case turns on whether or not the conduct of the defendant, Mrs. Gee, toward her husband prior to the agreed separation and disposal of their property was so ill as to come within the purview of the stated rule and warrant her husband's divorce on the ground of abandonment.

644

The tendency of the evidence for the plaintiff established that his wife accused him falsely and viciously of intimacy with Negro women, continuously upbraided him about such matters, and falsely and wrongfully entertained insane jealous fits toward him and made their domestic life unbearable. If this contention were true, his withdrawal from her association would have been justified and would warrant a divorce on the ground of abandonment without attempting a reconciliation. McEvoy v. McEvoy, 214 Ala. 112, 106 So. 602.

We come now to what we regard as decisive of the appeal and which, in our view, necessitates a reversal of the cause. The defendant, Mrs. Gee, was denied the right to introduce evidence of the claimed misconduct of her husband and his alleged intimate relations with Negro women. She should have been entitled to make this proof as justification for her attitude toward him and her remonstrances to him in that regard. The failure to allow such evidence, we think, precluded the trial court from a full view of the evidence and of the defendant's side of the case and of her claim of the cause of the separation. The conduct of each spouse toward the other, tending to establish or shedding light on the cause or causes of the separation or pointing to the responsibility therefor was of the res gestae of the alleged matrimonial offense and was competent evidence for the consideration of the court in fixing the guilt in breaching the domestic harmony. The learned trial judge seems to have overlooked the pertinency of this evidence and in pretermitting its admission fell into error.

The other points argued are without merit, unless it be that the settlement of the property rights between the parties was not intended as a final settlement between them and a release of the husband of claim for alimony, in which event proof of the husband's financial condition, including the status of his bank account, would have been material evidence.

For the error noted, the decree is reversed and the cause remanded.

Reversed and remanded.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.