142 So.2d 263

Maxie BEAN

v.

Harrison BEAN.

4 Div. 85.

Supreme Court of Alabama.

March 22, 1962.

Rehearing Denied June 21, 1962.

C. R. Lewis, Dothan, for complainant.

W. Perry Calhoun, Dothan, for respondent.

LAWSON, Justice.

Harrison Bean and Maxie Bean, colored, were married in 1949, he for the second time and Maxie for the third. They lived together in Dothan in a home owned by Maxie until April or May, 1958, when Harrison moved out and purchased a home of his own.

On October 30, 1959, Harrison Bean, the husband, filed suit against his wife for an absolute divorce on the ground of voluntary abandonment. The wife filed answer and cross bill wherein she prayed for a divorce from bed and board on the ground of voluntary abandonment. She also sought alimony and counsel fees. The complainant-cross respondent duly answered the cross bill.

From a decree dismissing her cross bill and granting the complainant, Harrison Bean, an absolute divorce the respondent-cross complainant, Maxie Bean, has appealed to this court.

■ The testimony was by deposition, not taken orally before the court; hence, it is to be considered here without any presumption in favor of the findings of the court below.—McEvoy v. McEvoy, 214 Ala. 112, 106 So. 602.

When Harrison left Maxie's home where they had lived for a number of years, he did so with no intention of returning and during the period of separation he has never sought to return to her or to have her join him at his new place of abode. When Harrison left he literally carried with him the "kitchen sink" and certain other items, including the water heater and certain light fixtures.

Harrison admits that he left Maxie but says that he was forced to do so because of her constant nagging and her repeated orders for him to get out of her house and also because of her refusal to cook and wash for him. Harrison produced no testimony which tended to support his position concerning his mistreatment by Maxie except that of one white man who stated that he was at the home of the parties on a morning in February of 1958 when he heard an unidentified woman tell Harrison to get out of her house and stay out. The wife's testimony was to the effect that she had not constantly nagged her husband or ordered him out of the house. Several of her neighbors who testified in her behalf stated that they were unaware of any such misconduct on the part of Maxie Bean.

Maxie worked as a servant six days a week in the home of a Dothan physician. It was her custom to leave her residence about 7:00 in the morning and to return home around 1:30 or 2:00 in the afternoon. Because of her work as a domestic she was unable to cook and wash for her husband to the extent he seems to have demanded, but she did do some of that work for him.

■ We have said, in effect, that where a spouse intentionally brings the cohabitation to an end by misconduct which renders the continuance of the marriage relationship so unbearable that the other leaves the family home, the former and not the latter is the deserter.—Jones v. Jones, 95 Ala. 443, 11 So. 11, 18 L.R.A. 95; Hardin v. Hardin, 17 Ala. 250; Anonymous, 55 Ala. 428; Higgins v. Higgins, 222 Ala. 44, 130 So. 677; Cox v. Cox, 230 Ala. 158, 160 So. 230; Gee v. Gee, 249 Ala. 642, 32 So. 2d 657. It has been held that though the provoking cause for the separation need not be such as would entitle the injured party to a divorce (Spafford v. Spafford, 199 Ala. 300, 74 So. 354, L.R.A.1917D), yet the reasons must be impelling, reasons which involve the fundamental happiness and self-respect of the withdrawing spouse, and the vicious and unjustified conduct of the other. And the provoking misconduct should not be occasional or transient only, but continuous and persistent, and apparently irremedial.—Bryan v. Bryan, 34 Ala. 516; Anonymous, 55 Ala. 428; Brown v. Brown, 178 Ala. 121, 59 So. 48; Spafford v. Spafford, supra; Anonymous, 206 Ala. 295, 89 So. 462; Gee v. Gee, supra.

We think the evidence falls short of showing conduct on the part of the wife, Maxie, which justified Harrison's abandonment of her, even if Harrison's version were held to be established.

■ Nagging, requests made at intervals that the husband leave home, failure to cook meals and do the washing, particularly where the wife works, and complaints of like nature, do not constitute sufficient cause for divorce by the husband on the ground of voluntary abandonment. Such behavior on the part of the wife does not, in our opinion, constitute a constructive abandonment and desertion by her.—Jones v. Jones, supra; Bryan v. Bryan, supra; Julian v. Julian, 127 N.J.Eq. 77, 11 A.2d 99; Wald v. Wald, 161 Md. 493, 159 A. 97; Schmidt v. Schmidt, N.J., 117 A. 400.

A careful study of the testimony adduced at the trial below leads us to the conclusion

that the trial court erred in decreeing an absolute divorce as prayed for by the husband, Harrison Bean.

We are further of the opinion that the court erred in dismissing the wife's cross bill and in not awarding to her a divorce from bed and board. Such a decree will be rendered here.

The husband, Harrison Bean, left the home of the parties spontaneously and in ill temper. It was his privilege and obligation to return. He has failed to do so.

■ A decree will also be rendered here requiring the husband, Harrison Bean, to pay to his wife, Maxie, Bean, the sum of thirty dollars per month for her support and maintenance.

■ It will also be decreed that Harrison pay to the attorney who represents the wife, Maxie Bean, the sum of $250 for his services in the trial court and in this court.

Reversed, rendered and remanded.

LIVINGSTON, C. J., and MERRILL and COLEMAN, JJ., concur.