Russell, Raymon & Russell, Tuskegee, for appellant.

179 So.2d 734

**Beulah P. SMITH**

v.

**M. O. SMITH.**

5 Div. 798.

Supreme Court of Alabama.

Aug. 12, 1965.

Rehearing Denied Nov. 18, 1965.

Richard H. Powell, III, and W. C. Hare, Tuskegee, for appellee.

SIMPSON, Justice.

This is a divorce case.

Appellant wife filed suit for a divorce from bed and board. The appellee husband filed a cross-bill for an absolute divorce. After hearing on the merits the court below granted the husband a divorce on the grounds of abandonment, divided the property of the parties and awarded appellant

$50 per month alimony. The wife appealed.

The primary argument made by appellant is that the court erred in granting to her husband a divorce on the ground of abandonment. The cross-bill alleges and the proof shows that the abandonment by the husband occurred more than one year from the date of filing of said cross-bill. In this connection the trial court found:

"\* \* \* that at the time of the separation in September, 1962 the parties were living in a home in Tuskegee, the title to which was in the name of the wife, that the husband had purchased the lot in the name of the wife and had built the home thereon; that he did remove from the home in September, 1962. However, he testified that the wife insisted on him leaving the home; that he attempted on many occasions to effect a reconciliation with his wife and return to live in their home but she refused and would not accept his overtures. He testified that during their marriage he supplied her with the necessities of life and that he 'didn't think anything was too good for her'; that prior to the separation in September, 1962 she had repeatedly refused to have sexual intercourse with him; that prior to the separation he had not had intercourse with his wife for more than three years although he had repeatedly sought to do so; that she had removed from their joint bedroom into another room; that she had repeatedly refused to accompany him to social functions as the wives of his friends had done. The wife testified that she could not remember when she last had intercourse with her husband; that she did not think it was more than two or three years but it could have been more than a year. The husband testified that when he asked his wife to go to bed with him she would sit up and read until after he had gone to sleep before going to bed.

\* \* \* \* \* \*

"The Court carefully listened to the evidence in the instant case and observed the demeanor of the parties, as well as the other witnesses, as they testified, and the Court is convinced from the evidence in this case that not only did the wife deny the husband conjugal embrace, one of the elements, constituents or rights embraced in the word consortium, but that she denied her husband her company, affection, society, companionship, etc., which likewise are among the rights of consortium to which the husband was entitled."

These findings of fact are aided by the usual presumption.

The question then is was the conduct of the wife toward her husband so reprehensible as to warrant him a divorce on grounds of abandonment, he having left the home and severed the physical association. Gee v. Gee, 249 Ala. 642, 32 So. 2d 657. We have held that "\* \* \* where a spouse intentionally brings the cohabitation to an end by misconduct which renders the continuance of the marriage relationship so unbearable that the other leaves the family home, the former and not the latter is the deserter." Bean v. Bean, 273 Ala. 477, 142 So.2d 263 and cases there cited.

This court has held in a number of cases that the denial of sexual intercourse is one element to be considered, along with other alleged breaches of marital duties in determining whether the "injured" party is entitled to a divorce on grounds of abandonment. Thomas v. Thomas, 233 Ala. 416, 172 So. 282, where we said:

"We think a case of voluntary abandonment has been established. Admittedly defendant has not been willing to submit to complainant's embrace in more than seven years. As to whether or not this alone suffices to establish a case of voluntary abandonment, the authorities are in conflict. 19 Corpus Juris, 59. But, in any event, unques-

**610**

tionably the withdrawal of marital intercourse is a fact to be considered with other circumstances of the case in determining the matter of legal desertion. 9 R.C.L. 369."

Note also the following from 17 Am. Jur., Divorce and Separation, § 127:

"Without presently determining whether a denial of sexual intercourse without other misconduct constitutes desertion, the withdrawal of marital intercourse is undoubtedly a fact to be taken into consideration with other circumstances of the case in determining whether there has been a legal desertion. Indeed, an unjustified refusal of sexual intercourse, when accompanied by a denial of most of the other rights of marriage constitutes a wilful desertion. Thus, a spouse who, without just cause, insists that the parties shall occupy separate bedrooms or different portions of the house, without sexual intercourse and without companionship, society, assistance, and affection which spouses have a right to expect from each other, is guilty of desertion."

In the present case the trial court found that the appellant not only refused to have sexual relation with her husband, but further refused to engage in social activities with him. We have read the record of the testimony adduced at the trial. It seems clear that this marriage has deteriorated steadily over the past years so that the parties ceased to take meals together, go out socially together and in fact seems to have reached a point where there was no relationship in actuality between them at all—sexual, social, or otherwise. The court below believed that this resulted from actions and attitudes of the wife. There is evidence to support his view. It is favored with a very strong presumption.

Affirmed.

LAWSON, GOODWYN and COLEMAN, JJ., concur.