196 So.2d 412

**Oyal THOMPSON**

v.

**Garland THOMPSON.**

**4 Div. 257.**

Supreme Court of Alabama.

March 9, 1967.

J. Hubert Farmer, Dothan, and Russell, Raymon & Russell, Tuskegee, for appellant.

W. R. Martin, Ozark, for appellee.

PER CURIAM.

This is an appeal by the respondent (wife) from a final decree of the circuit court of Dale County, in equity, dissolving the marriage existing between respondent and complainant (husband) and also from the decree awarding custody of four minor children (ranging in ages from 13 to 7 years) to complainant-father. The decree is on voluntary abandonment as charged in the amended complaint. Respondent filed an amended answer denying the charge of abandonment and challenging the fitness of the father to have the custody of the children. She made her answer a cross-bill and asked for custody of the children.

■ We are not convinced from the evidence, which we have carefully read at length, that complainant has proven his charge of abandonment. We are aware of numerous decisions of this court that where the evidence is taken orally before the court, as here, the court's findings of facts are to be given the weight of a jury verdict, not to be disturbed unless clearly and palpably wrong. Farmers & Ginners Cotton Oil Company v. Hogan, 267 Ala. 248, 100 So.2d 761(3); 2A Ala.Dig. Appeal & Error, ☞1008(1), p. 317.

It appears from the evidence without dispute, that complainant and respondent occupied a very modest home in Dale County; that they had their ups and downs that found origin in the main in their efforts to rear and educate several children on a pension of $173.00 per month paid by the Veterans Administration to complainant, who is a disabled veteran (with diabetes). We can't tell from the record how much other income, if any, the complainant had.

The family dissension and some other factors, not necessary to delineate, influenced the respondent to augment the family income. She persuaded the husband, and he agreed, to buy a home in Dothan. In reply to a question:

"What happened to your marriage; what caused the separation?

Complainant answered:

"Well, she kept raising so much sand, doing this and doing that, and I decided it would be a good time to quit."

Complainant further testified:

"A. She told me if I would buy a house in Dothan she would send the children to school and she did. She moved to Dothan, and I told her I would bring the baby to the house and she would not go along with that.

"Q. When was that?

"A. That was along about '55 or '56.

\* \* \* \* \* \*

"Q. Was that the last time?

"A. She has been back, I don't know how many times. That is when she moved down to this house in Dothan."

It appears on cross-examination of complainant that he bought the house in Dothan, made a down payment with agreement to pay the rest by the month. Complainant testified that he spent the night several times at the Dothan home, but never had sexual relations with his wife. Witness also testified that his wife would bring the children back and forth from the Dothan home to the home in Dale County. It further appears that respondent drifted off to Florida in search of employment and finally found employment with the Veterans Hospital in Tuskegee, rendering services as a practical nurse with outside employment after the day's work at the hospital. This employment yields her $600.00 per month, according to respondent's testimony. The husband testified that he was not working and used his pension money for the maintenance and support of himself and the four children. The wife testified that she paid the installments on the home purchased in Dothan.

■■ As we view the evidence, much of which we have not delineated, we think

complainant has failed to prove that his wife voluntarily abandoned him. The separation was either by the mutual consent of the parties or with the consent of the husband. In either event there is no statutory abandonment. Starling v. Starling, 255 Ala. 641, 53 So.2d 547(3). As we observed, the married life of the couple was fraught with much discord and unhappiness, and as a result thereof, by mutual agreement or with consent of the husband, the separation occurred, and the home was purchased in Dothan, with frequent visits thereto by the husband and with visits on the wife's part to the home in Dale County.

■ As we pointed out in Gee v. Gee, 249 Ala. 642, 643, 32 So.2d 657(2):

" * * * The rule is that when the complaining party consents to the separation without it having been caused by the other's misconduct, the plaintiff cannot procure a divorce for abandonment, but where the agreement to separate was induced by the misconduct of the defendant the plaintiff, notwithstanding a later separation by consent, could still maintain the action and sustain the cause. Ex parte Cox, 230 Ala. 158, 160 So. 230; Higgins v. Higgins, 222 Ala. 44, 130 So. 677; Anonymous, 206 Ala. 295, 89 So. 462."

■ We further observed in Gee v. Gee, supra, as follows:

"It is held that though the provoking cause for the separation need not be such as would entitle the injured party to a divorce (Spafford v. Spafford, 199 Ala. 300, 74 So. 354, L.R.A.1917D, 773) yet the the reasons must be impelling—'reasons which involve the fundamental happiness or self-respect of the withdrawing spouse, and the vicious and unjustifiable conduct of the other. And the provoking misconduct should not be occasional or transient only, but continuous or persistent, and apparently irremediable. Bryan v. Bryan, 34 Ala. 516, 519–522; Anonymous, 55 Ala. 428; Brown v. Brown, 178 Ala. 121, 59 So. 48; Spafford v. Spafford, 199 Ala.

300, 74 So. 358, L.R.A.1917D, 773.' Anonymous, 206 Ala. 295, 297, 89 So. 462, 463."

■ We find no evidence in the record that respondent was guilty of vicious or unjustifiable conduct of such character as would involve the fundamental happiness or self-respect of the complainant. The charge of abandonment alleged in the amended bill of complaint was not established. The husband apparently was tired of being married to respondent and wanted to be free of the occasional and transient discord between him and his wife. He consented for her to leave, and as noted above, even purchased the home in Dothan as an inducement for her departure. Even then, he would visit this Dothan home at night on many occasions.

We hold that the trial court erred in granting the divorce, and that part of the decree is reversed and remanded.

■ The evidence indicates that the four children, whose custody was awarded to the father, are three boys and one girl. The latter was seven years of age when the suit was tried. While we are willing under the evidence, but with some hesitation, to affirm the award of the boys to the father, we think the custody of the daughter should be awarded the mother. There is no female in the house of the father to look after and give personal attention to the immature daughter. We think it would be unwise, and not to her best interest, for this child to be reared in a home without the presence of an older female to give her attention and to look after her personal needs.

The trial court, on remand of this cause, will amend the custodial decree by striking therefrom the custodial award of this child to the father and in lieu thereof award the custody to the mother with right of visitation at reasonable times and hours on the part of her brothers and father.

With respect to this award the decree of the trial court is reversed and remanded with directions.

The custodial award of the boys to the father is affirmed.

The decree of the trial court is affirmed in part, reversed in part, and remanded with directions.

The foregoing opinion was prepared by B. W. SIMMONS, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Affirmed in part, reversed in part, and remanded with directions.

LIVINGSTON, C. J., and LAWSON, GOODWYN and COLEMAN, JJ., concur.